UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SILVERTOP ASSOCIATES, INC., D/B/A RASTA IMPOSTA,<br><br>Plaintiff,<br><br>vs.<br><br>KANGAROO MANUFACTURING, INC.,<br><br>Defendant. | Civil Action No. _____ |

# COMPLAINT

1.      Plaintiff Silvertop Associates, Inc., d/b/a Rasta Imposta ("Rasta Imposta") brings this complaint against defendant Kangaroo Manufacturing, Inc. ("Kangaroo") for copyright infringement, trade dress infringement, false advertising and unfair competition.

2.      Rasta Imposta designs and manufacturers Halloween costumes. One of Rasta Imposta's most popular costumes is its distinctive banana costume design ("Banana Design"), which it introduced to the market in 2001.

3.      Rasta Imposta owns a copyright registration with the U.S. Copyright Office for its Banana Design, Registration No. VA 1-707-439, issued March 26, 2010.

4.      Rasta Imposta has consistently protected its intellectual property rights in the Banana Design and taken legal action where appropriate.

5.      Legal action is appropriate in this case because not only are Kangaroo's "knock-off" costumes virtually identical to Rasta Imposta's, but there is evidence that Kangaroo specifically copied Rasta Imposta's design for its own commercial advantage.

6.      The founder of Kangaroo, Justin Ligeri ("Ligeri"), previously owned another company called Yagoozon, Inc. ("Yagoozon").

6414295 v2

7. Ligeri and Yagoozon entered into a business relationship with Rasta Imposta in 2012 in order to sell Rasta Imposta's costumes, including its Banana Design. During their discussions, Ligeri was informed of Rasta Imposta's copyright registration for the Banana Design, and Yagoozon purchased thousands of Rasta Imposta's banana costumes.

8. Ligeri and Rasta Imposta's attempted business relationship did not end on good terms. Among other things, Ligeri informed Rasta Imposta that he did not intend to respect Rasta Imposta's intellectual property rights in the Banana Design, stating: "The officially licensed Banana – I don't think so," and threatened Rasta Imposta and its CEO.

9. On or about September 25, 2017, Rasta Imposta discovered that Ligeri's company Kangaroo had copied the Banana Design and was offering Kangaroo Item Nos. 10477 and 10478, pictured below alongside Rasta Imposta's Banana Design:



10. Rasta Imposta discovered the infringement when it was forwarded a copy of Kangaroo Costume's 2017 Halloween catalogue by a third party.

2

11. A quick search on Google Images for "banana costume" reveals unique banana costume designs that do not copy, mimic, or infringe Rasta Imposta's copyrighted design, yet rather than expend the time and resources to create its own design, Kangaroo chose to directly replicate Rasta Imposta's Banana Design.

12. Third parties have also licensed the Banana Design from Rasta Imposta, but Kangaroo does not have any license to use the Banana Design.

13. Kangaroo intentionally copied Rasta Imposta's Banana Design, without Rasta Imposta's consent and for its own commercial gain.

14. Accordingly, Rasta Imposta files this lawsuit seeking damages and injunctive relief.

## PARTIES

15. Plaintiff Rasta Imposta is a New Jersey corporation with its principal place of business at 600 E. Clements Bridge Road, Runnemede, NJ 08078.

16. Defendant Kangaroo Manufacturing, Inc. is a corporation domiciled in Florida with a registered agent address at C T Corporation System, 3800 N. Central Ave., Ste 460, Phoenix, Arizona 85012.

## JURISDICTION AND VENUE

17. This Court has federal question jurisdiction over Rasta Imposta's federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

18. This court has personal jurisdiction over defendant Kangaroo because Kangaroo is engaged in the systematic and continuous conduct of business in the State of New Jersey. Kangaroo's conduct in connection with the State of New Jersey required it reasonably to anticipate that it would be subject to the jurisdiction of the courts in the State of New Jersey.

19. Venue in the District of New Jersey is proper under 28 U.S.C. § 1391.

## **FACTUAL BACKGROUND**

A.   **Rasta Imposta's Designs and Intellectual Property**

20.   Rasta Imposta is a small, local business that designs, manufactures, and sells innovative and distinctive costumes for adults and children.

21.   Rasta Imposta began over twenty years ago when its CEO, Robert Berman, created the Original Rasta Hat with sewn-in dreadlocks.  The Original Rasta Hats were an instant success.  This led to the creation of new designs and the company's expansion into the "Halloween Industry."

22.   In 1998, Rasta Imposta introduced a collection of costumes to complement its existing line of hats.  Rasta Imposta now manufactures thousands of costumes and accessories for kids and adults of all ages.

23.   Crucial to Rasta Imposta's brand is that consumers recognize Rasta Imposta as a creator and manufacturer of unique costume designs that are made with high quality materials.  Rasta Imposta strives to consistently create new and innovative looks that set it apart from other costume designers and manufacturers.

24.   Rasta Imposta began offering the Banana Design to the public on or about March 9, 2001.  The Banana Design is shown below:



25. When it debuted in 2001, the Banana Design was the only costume design with this distinctive overall appearance.

26. Since 2001, many other types of banana costumes have been introduced in the marketplace, but not all of these costume designs have been similar to Rasta Imposta's Banana Design.

27. The appearance and trade dress of Rasta Imposta's distinctive Banana Design is identified by a combination of arbitrary and distinct visual elements which make up its overall appearance, design, and trade dress, including, but not limited to the cutout holds in the Banana Design, its bright yellow color with dark tips at the ends, the lines running down the sides, and the Banana Design's placement of the banana ends.

28. Rasta Imposta advertises the Banana Design by using models who wear long black pants, a shirt with black sleeves, and black dress shoes.

6414295 v2

29.     Due to Rasta Imposta's manufacture and advertisement of the Banana Design between 2001 and the present, the Banana Design has become recognizable as a unique banana costume design throughout the United States.

30.     Since 2001, Rasta Imposta has licensed its Banana Design to other companies seeking to sell a similar product and it remains one of the company's most important costumes.

**B.     Kangaroo's Infringement of Rasta Imposta's Designs**

31.     As described above, Kangaroo's founder, Justin Ligeri, is familiar with Rasta Imposta's Banana Design and previously purchased thousands of banana costumes from Rasta Imposta.

32.     Upon reviewing Kangaroo's 2017 Halloween Catalog on or about September 25, 2017, Rasta Imposta became aware that Kangaroo is selling two banana costumes that are copies of the Banana Design.

33.     The design is substantially and confusingly similar to Rasta Imposta's Banana Design.

34.     Kangaroo's copying of the Banana Design, despite Kangaroo's specific knowledge of Rasta Imposta's intellectual property rights in the Banana Design, constitutes unfair competition under the Lanham Act and the common law.

35.     Additionally, Kangaroo violated the Copyright Act when it copied Rasta Imposta's Banana Design with willful disregard of Rasta Imposta's intellectual property rights and copyright registration.

36.     The Kangaroo costumes have the same exact shape and cutout holes as the Banana Design, the ends of the bananas are placed similarly, the vertical lines running down the middle of the bananas are the same, and the one-piece costumes are worn on the body the same way as the Banana Design.

37. Additionally, Kangaroo outfitted its costume models identically to the Rasta Imposta model, showing the product with long black pants and a black shirt (and matching black dress shoes for Item No. 10477).

38. If Kangaroo's conduct is not enjoined, Rasta Imposta will suffer irreparable harm.

39. By using the Banana Design without Rasta Imposta's consent, Kangaroo has engaged in copyright infringement, unfair competition, trade dress infringement and false advertising.

**Count I – Copyright Infringement Under the Copyright Act
as to Rasta Imposta's Banana Costume Design**

40. Rasta Imposta repeats and incorporates all other paragraphs of the Complaint as if fully set forth herein.

41. The Banana Design that is the subject of Copyright Registration No. VA 1-707-439, issued March 26, 2010, is the intellectual property of Rasta Imposta.

42. Kangaroo has infringed upon Rasta Imposta's Banana Design.

43. The infringement of Rasta Imposta's copyrighted materials has been willful, intentional, and in total disregard of Rasta Imposta's copyright, in violation of 17 U.S.C. § 501 et seq.

44. Kangaroo did not have license, authorization or the consent of Rasta Imposta to use a substantially-similar banana design.

45. Kangaroo copied Rasta Imposta's Banana Design in creating the Kangaroo knock-offs Item 10477 and Item 10478.

46. The Kangaroo banana costumes are currently being sold by Kangaroo are substantially similar to Rasta Imposta's Banana Design.

47. As a result of Kangaroo's infringement of Rasta Imposta's copyright and exclusive rights under copyright, Rasta Imposta is entitled pursuant to 17 U.S.C. § 504 to either disgorgement of profits and recovery of actual damages, or statutory damages.

48. Rasta Imposta is further entitled to recovery of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

49. Kangaroo's conduct is resulting in irreparable damage to Rasta Imposta, and Rasta Imposta has no adequate remedy at law.

50. Kangaroo's infringement of Rasta Imposta's copyrights has damaged, and is continuing to damage, Rasta Imposta, in an amount to be determined at trial.

51. Accordingly, Rasta Imposta seeks an order under 17 U.S.C § 502 enjoining Kangaroo's copyright infringement.

52. By reason of the foregoing, Rasta Imposta is entitled to injunctive relief, either actual or statutory damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

### Count II – Trade Dress Infringement Under the Lanham Act as to Rasta Imposta's Banana Design

53. Rasta Imposta repeats and incorporates each paragraph of the Complaint as if set forth fully herein.

54. The Banana Design is inherently distinctive and has acquired distinctiveness through secondary meaning.

55. The Banana Design is non-functional with a protectable overall appearance.

56. Kangaroo's imitation of the Banana Design is likely to cause consumer confusion in consumer's minds as to the source of the product.

57. Consumers associate the Banana Design trade dress with Rasta Imposta, due to Rasta Imposta's continuous and widespread use of the design since 2001.

58. Consumers are likely to see Kangaroo's infringing designs and associate those designs with Rasta Imposta, or to see both parties' designs, which are substantially similar, and assume those designs are created and manufactured by the same company.

59. Rasta Imposta cannot control the quality or features of Kangaroo's costume designs, and if Kangaroo creates an inferior banana costume design, consumers are likely to incorrectly associate that product with Rasta Imposta.

60. Rasta Imposta has been and continues to be damaged by Kangaroo's activities and conduct.  Accordingly, Rasta Imposta is entitled to recover their damages, as well as Kangaroo's profits received as a result of the infringement, pursuant to 15 U.S.C. §1117(a).

61. Unless Kangaroo's conduct is enjoined, Rasta Imposta and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

62. By reason of the foregoing, Rasta Imposta is entitled to injunctive relief, treble damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

### Count III – Common Law and Federal Unfair Competition

63. Rasta Imposta repeats and incorporates each paragraph of the Complaint as if set forth fully herein.

64. Kangaroo's conduct constitutes unfair competition, in that Kangeroo is attempting to benefit commercially from the consumer goodwill and the intellectual property rights that Rasta Imposta has in its distinctive costume designs, along with Rasta Imposta's creativity in coming up with unique costume concepts.

65. Kangaroo's conduct in copying Rasta Imposta's well-known Banana Design is likely to cause consumer confusion as to the source of the products offered by Kangaroo.

66. Kangaroo has increased the likelihood of confusion resulting from its knock-off products by advertising these products in a misleading manner. Kangaroo chooses to dress its costume models the same as Rasta Imposta's models.

67. Kangaroo's wrongful conduct arises directly out of and is connected to its advertising activities.

68. Such acts constitute acts of unfair competition against Rasta Imposta under 15 U.S.C. § 1125.

69. Rasta Imposta has been and continues to be damaged by Kangaroo's activities and conduct. Accordingly, Rasta Imposta is entitled to recover its damages, as well as Kangaroo's profits received as a result of the infringement, pursuant to 15 U.S.C. §1117(a).

70. Unless Kangaroo's conduct is enjoined, Rasta Imposta and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

71. By reason of the foregoing, Rasta Imposta is entitled to injunctive relief, treble damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rasta Imposta prays for relief and judgment, and requests that the Court:

(A) enter judgment against Kangaroo and in favor of Rasta Imposta with respect to each claim for relief alleged in this Complaint;

(B) award Rasta Imposta injunctive relief, either actual and/or statutory damages, and its costs and attorneys' fees, pursuant to the Copyright Act;

(C) award Rasta Imposta injunctive relief, treble damages and its costs and attorneys' fees, pursuant to the Lanham Act; and

(D) award such other and further relief as the Court deems just and proper.

Respectfully submitted,

**FLASTER/GREENBERG P.C.**

Dated: October 5, 2017    By:    */s/ Alexis Arena*
Alexis Arena, Esq.
Eric R. Clendening, Esq.
1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 661-1900
Fax: (856) 661-1919
alexis.arena@flastergreenberg.com
*Attorneys for Plaintiffs*

6414295 v2