UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SILVERTOP ASSOCIATES, INC.　　　　:
d/b/a RASTA IMPOSTA,　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Plaintiff,　　　:　　Civil Action No.
　　　　　　　　　　　　　　　　　　:　　1:17-cv-07919-NLH-KMW
vs.　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
KANGAROO MANUFACTURING, INC.,　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendant.　　　:
　　　　　　　　　　　　　　　　　　:

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION
AND IN SUPPORT OF DEFENDANT'S
CROSS-MOTION TO DISMISS THE COMPLAINT

David A. Schrader
A. Jonathan Trafimow
MORITT HOCK & HAMROFF LLP
Attorneys for Defendant
1407 Broadway, 39th Fl.
New York, New York 10018
(212) 239-2000

1328981v1

# TABLE OF CONTENTS

Table of Authorities ........................................................................................ iii

PRELIMINARY STATEMENT ....................................................................1

STATEMENT OF FACTS ............................................................................2

LEGAL ARGUMENT ...................................................................................4

I.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT
    TO FRCP 12(b)(2) IN THAT DEFENDANT KANGAROO IS NOT
    SUBJECT TO PERSONAL JURISDICTION IN NEW JERSEY ..............4

    A.  There Is No Basis For The Court To Exercise Specific Jurisdiction Over Kangaroo ........5

    B.  There Is No Basis For The Court To Exercise General Jurisdiction Over Kangaroo .........8

II.  THE COMPLAINT FAILS TO STATE A FACIALLY PLAUSIBLE
     CLAIM AGAINST DEFENDANT KANGAROO AND THEREFORE
     SHOULD BE DISMISSED IN ITS ENTIRETY PURSUANT TO FRCP 12(b)(6) ........10

    A.  THE COMPLAINT FAILS TO STATE A CLAIM
        FOR COPYRIGHT INFRINGEMENT ...........................................................10

        1.  The Design Elements Upon Which Plaintiff Bases its Claim of
            Infringement are Functional, Not Original, or Merely Ideas,
            and not entitled to Copyright Protection ...............................................11

            a.  The Cutout Holes of the RI Banana Costume Design are Functional ...................13

            b.  The Colors, Lines, and Shape of the RI Banana Costume are Not Original .........13

            c.  Under the Merger and Scènes à Faire Doctrines the Design
                of the RI Banana Costume is Merely an Unprotectable Idea ...............................15

        2.  The Complaint Fails to Establish that Kangaroo
            Engaged in Unauthorized Copying of Original Elements
            of the Plaintiff's RI Banana Costume .......................................................17

    B.  THE COMPLAINT FAILS TO STATE A CLAIM FOR
        TRADE DRESS INFRINGEMENT OR UNFAIR
        COMPETITION UNDER THE LANHAM ACT ..........................................19

III.   PLAINTIFF'S MOTION FOR A PRELIMNINARY
       INJUNCTION SHOULD BE DENIED ...........................................................................22

IV.    IN THE EVENT AN INJUNCTION IS ISSUED
       PLAINTIFF SHOULD BE REQUIRED TO POST AN INJUNCTION BOND .............26

CONCLUSION ...........................................................................................................26

## TABLE OF AUTHORITIES

**Cases**

*A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198 (3d Cir. 2000) ...............21

*Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985)
(rev'd on other grounds) ........................................................................................23

*Ackourey v. Sonellas Custom Tailors*,
573 Fed. Appx. 208, 2014 U.S. App. LEXIS 14468 (3d Cir. July 29, 2014) ..............................7

*Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629 (D.N.J. 2004) ............................4

*Animal Fair, Inc. v. Amfesco Indus., Inc.*,
620 F. Supp. 175 (D.C. Minn. 1985), aff'd mem., 794 F.2d 678 (8th Cir. 1986) ....................12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .........................................................................10

*Aurora World, Inc. v. TY Inc.*, 719 F. Supp.2d 1115 (C.D. Cal. 2009) ...................................25

*Avdel Corporation v. Mecure*, 58 N.J. 264 (1971) ..........................................................4

*Baker v. Selden*, 101 U.S. 99 (1879) .............................................................................18

*Banzai, Inc, v. Broder Bros., Co.*, 2009 WL 1285518 (E.D.Pa. May 7, 2009) .........................10

*Billco Int'l, Inc. v. Charles Prods., Inc.*, 776 F. Supp. 2d 105 (D. Md. 2011) .........................14

*Boisson v. Banian, Ltd.*, 273 F.3d 262 (2d Cir. 2000) ....................................................18

*Bridgeport Music v. Agarita Music*, 182 F. Supp.2d 653 (M.D. Tenn. 2002) ..........................7

*Brown Instrument Co. v. Warner*, 82 U.S. App. D.C. 232, 161 F.2d 910 (D.C. Cir. 1947) ..........8

*Chavez v. Dole Food Co.*, 836 F.3d 205 (3d Cir. 2016) ....................................................8

*Chosun International v. Chrisha Creations, Ltd.*, 413 F.3d 324 (2d Cir. 2005) .........................10

*Christianson v. West Pub. Co.*, 53 F.Supp. 454 (N.D.Cal. 1944) .........................................18

*Coquico, Inc. v. Rodriguez-Miranda*, 562 F.3d 62 (1st Cir. 2009) ...................................14, 15

*Corning, Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156 (2d Cir. 2004) ......................................26

*Coston v. Product Movers*, 1990 WL 56516 (E.D.Pa., May 2, 1990) ....................................11

*Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 187 L. Ed.2d 624 (2014) ........................8, 9

*Dam Things from Den. v. Russ Berrie & Co.*, 290 F.3d 548, 562 (3d Cir. 2002) ........................18

*Display Works, LLC v. Bartley*, 182 F. Supp.3d 166 (D.N.J. 2016) ........................9

*Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*,
   307 F.3d 197 (3d Cir. 2002) ........................10

*eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) ........................23

*Educ. Testing Servs. v. Katzman*, 793 F.2d 533 (3d Cir. 1986) ........................16

*Eppendorf-Netheler-Hinz GmbH v. Ritter GmbH*, 289 F.3d 351 (5th Cir. 2002) ........................19

*ERBE Electromedizin GMBH v. Canady Technology LLC*,
   529 F.Supp.2d 577 (W.D.Pa. 2007) ........................20

*Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340 (1991) ........................13

*Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205 (3d Cir. 2014) ........................23

*Goodyear Dunlop Tire Operations, S.A. v. Brown*, 565 U.S. 915 (2011) ........................8

*Gourmet Video, Inc. v. Alpha Blue Archives, Inc.*,
   Civ. Action No. 08-2158 (MLC), 208 U.S. Dist. LEXIS 87645 (D.N.J. Oct. 29, 2008) ........................7

*Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*,
   864 F. Sup.2d  316 (E.D. Pa. 2012) ........................25

*Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408 (1984) ........................5

*Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.*, 509 F.2d 64 (2d Cir. 1974) ........................15

*Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738 (9th Cir. 1971) ........................17

*Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972 (2d Cir. 1980) ........................16

*IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254 (3d Cir. 1998) ........................4, 5

*Int'l Shoe v. Washington*, 326 U.S. 310 (1945) ........................5

*Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844 (1982) ........................20

*J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011) ........................6

*Jackson v. Booker*, No. 11-3400, 465 Fed. Appx. 163,
   2012 U.S. App. LEXIS 3024 (3d Cir. 2012) ................................................16

*Jolly v. Coughlin*, 76 F.3d 468 (2d Cir. 1996) ................................................23

*Jumpp v. Jerkins*, Civ. No. 08-6268 (RBK/KMW),
   2010 U.S. Dist. LEXIS 68059 (D.N. J. July 7, 2010) ................................6

*Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199 (3d Cir. 2005) ...............16, 17, 18

*Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290 (3d Cir. 2008) ...........................5

*Kepner-Tregoe, Inc. v. Tracy Learning, Inc.*,
   Civ. Action No. 3:08-cv-1627-FLW,
   2009 U.S. Dist. LEXIS 6371 (D.N.J. Jan. 29, 2009) ................................7

*KMW Int'l v. Chase Manhattan Bank*, 606 F.2d 10 (2d Cir. 1979) .................24

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841 (9th Cir., 2012) ...........13

*L.A. T-Shirt & Print, Inc. v. Rue 21, Inc.*, No. 16-CV-5400 (RA),
   2017 U.S. Dist. LEXIS 131845 (S.D.N.Y. Aug. 17, 2017) ......................14

*Land v. Helmer*, 843 F.Supp.2d 547 (3d Cir. 2012) .......................................10

*M.M. Bus. Forms Corp. v. Uarco*, 472 F.2d 1137 (6th Cir. 1973) ...................16

*Mar v. Liquid Management Partners, LLC*,
   62 A.D.3d 762, 880 N.Y.S.2d 647 (2d Dept. 2009) ................................24

*Marten v. Godwin*, 499 F.3d 290 (3d Cir. 2007) ............................................5

*Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663 (3rd Cir. 1990) .........11

*Merrill Lynch, Pierce, Fenner & Smith v. de Liniere*,
   572 F. Supp. 246 (N.D. Ga. 1983) ...........................................................24

*Merrill Lynch, Pierce, Feriner & Smith, Inc. v. E.F. Hutton & Co.*,
   403 F. Supp. 336 (E.D. Mich. 1975) .......................................................24

*Monkton Ins. Servs. Ltd. v. Ritter*, 768 F.3d 429 (5th Cir. 2014) ...................8

*Morse v. Lower Merion School District*, 132 F.3d 902 (3d Cir. 1997) .............10

*Munaf v. Geren*, 553 U.S. 674 (2008) .............................................................22

*National Theme Productions, Inc., v. Jerry B. Beck, Inc.,*
  696 F.Supp. 1348 (S.D.Cal. 1988) ...................................................................12

*Patent Incentives, Inc. v. Seiko Epson Corp.,*
  Civ. Action No. 88-1407, 1988 U.S. Dist. LEXIS 9933 (D.N.J. Sept. 6, 1988) ...........................7

*Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159,165 115 S. Ct. 1300 (1995) .......................20

*Reilly v. City of Harrisburg*, 858 F.3d 173 (3d Cir. 2017) ..........................................23

*Salinger v. Colting*, 607 F.3d 68, 81 (2d Cir. 2010) ................................................24

*Satava v. Lowry*, 323 F.3d 805 (9th Cir. 2003) ......................................................15

*Shire U.S., Inc. v. Barr Labs., Inc.*, 329 F.3d 348 (3d Cir. 2003) ..................................19

*Sperry Int'l Trade, Inc. v. Gov't of Israel*, 670 F.2d 8 (2d Cir. 1982) ............................24

*Standard Terry Mills, Inc. v. Shen Mfg. Co.*, 803 F.2d 778 (3d Cir. 1986) ..........................20

*Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002 (2017) ............................12

*Suja Life, LLC v. Pines Int'l, Inc.*, Case No. 16-CV-985-GPC,
  2016 U.S. Dist. LEXIS 147014 (S.D. Cal. Oct. 24, 2016) ............................................25

*Tetris Holding, LLC v. Xio Interactive, Inc.*, 863 F. Supp. 2d 394 (D.N.J. 2012) ...................15

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir. 1984) .....................4

*Tom Doherty Assocs. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995) ..........................23

*Toys "R"Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003) .....................................7

*Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205 (2000) ...............................19, 21

*Webloyalty.com, Inc. v. Consumer Innovations, LLC,*
  2005 WL 468496 (D.Del., Feb 17, 2005) .............................................................11

*Whelan Assocs., Inc. v. Jaslow Dental Laboratory, Inc.,*
  797 F.2d 1222 (3d Cir. 1986) ......................................................................13

*Whimsicality, Inc. v. Batta*, 27 F.Supp.2d 456 (S.D.N.Y. 1998) .....................................11

*Winstead v. Jackson*, 509 F. App'x 139 (3d Cir. 2013) .........................................147, 18

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) ..............................22

4

*Yankee Candle Co. v. Bridgewater Candle Co.*, 259 F.3d 25 (1st Cir. 2001) ..............................10

**Statutes and Other Authorities**

15 USC §1125(a)(1)(B) ...............................................................................................21

17 U.S.C. §101 ................................................................................................11, 13

17 U.S.C. § 102(a) ..................................................................................................13

17 U.S.C. §102(b) ...................................................................................................15

37 C.F.R. §202.1(a) ................................................................................................13

Fed. R. Civ. P. 4(k)(1)(A) .........................................................................................4

Fed. R. Civ. P. 12(b)(2) ...................................................................................1, 4, 26

Fed. R. Civ. P. 12(b)(6) .................................................................................1, 10, 26

Fed. R. Civ. P. 65 ..................................................................................................26

N.J. Court R. 4:4-4 ..................................................................................................4

Nimmer on Copyright, §2.14 at 2-178 (2001) ..........................................................13

Registrability of Costume Designs, 56 Fed. Reg. 56530 (Nov. 5, 1991) ......................11

This memorandum of law is submitted on behalf of defendant Kangaroo Manufacturing, Inc. ("Kangaroo") (a) in opposition to plaintiff Silvertop Associates, Inc. d/b/a Rasta Imposta's ("RI's") motion for preliminary injunction and (b) in support of defendant's cross-motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(2) and 12(b)(6). [1]

## PRELIMINARY STATEMENT

As a threshold matter, plaintiff's Complaint should be dismissed pursuant to FRCP 12(b)(2) for lack of personal jurisdiction over the defendant. Defendant does not have minimum contacts with the State of New Jersey. Thus, the Court should dismiss this action for lack of personal jurisdiction and need not proceed further in its inquiry with regard to the other issues raised on these motions.

Even assuming jurisdiction, the Complaint fails to state a claim upon which relief can be granted. There is nothing distinctive about plaintiff's costume. It merely depicts a basic unpeeled banana that directly imitates the appearance of a real banana. Plaintiff's costume does not qualify for copyright protection because the costume is comprised of a set of design elements that are not protectable because they are either purely functional and/or are otherwise not original; they are also not separable from the costume. Although a copyright was issued by the Copyright Office, such issuance is rebuttable, and the law is clear that **this** banana costume copyright is not sustainable.

Even to the extent that the Complaint is not dismissed at this stage of the proceeding, plaintiff's motion for a **mandatory** preliminary injunction should be denied because plaintiff cannot demonstrate that it meets the high threshold for such injunctive relief.

---

[1] A true and correct copy of the Complaint ("Compl.") is attached as Exhibit A to the accompanying Schrader Declaration.

1

## STATEMENT OF FACTS

Other than some ad hominem attacks on the owner of Kangaroo and hearsay statements offered for their truth, the motion for a preliminary injunction rests on the allegations of the Complaint.  The Complaint alleges that RI designs, manufactures and sells costumes for adults and children. (Compl. ¶20).   One of RI's costumes is a banana costume (the "RI Banana Costume"). (Compl. ¶24). The Complaint includes the following picture of the RI Banana Costume which it describes as featuring "cutout holds," "bright yellow color with dark tips at the ends," "lines running down the sides," and a particular "placement of the banana ends" :



(Compl. ¶¶24, 27, 36).   Copyright Registration No. VA 1-707-439 was issued to RI covering the "sculpture" of the RI Banana Costume, effective March 26, 2010 (the "RI Copyright Registration").[2] (Compl. ¶3).

The Complaint alleges copyright and trademark infringement, as well as claims of unfair competition based on the following similarities: the parties' costumes each … "have the same exact shape and cutout holes … the ends of the bananas are placed similarly, the vertical lines

---

[2]  Defendant has ordered a copy of the copyright application file several weeks ago from the Copyright Office but was informed that obtaining the file would take approximately 8-10 weeks.  Defendant intends to supplement any arguments as to the invalidity of the copyright registration granted after receiving the file.

running down the middle of the bananas are the same, and the one-piece costumes are worn on the body the same way ….” (Compl. ¶36).   Paragraph 9 of the Complaint contains the below color photos of the banana costumes in question, side-by-side:



Based on a review of the above images, the following facts are apparent:

- Each of the products has holes for the wearer's arms, legs and head, though the size, shape, and position of these cutouts differ.

- The majority of each of the products is solid yellow, although the exact shade of yellow is different.

- Each product has two black ends similar to a real banana, one above the wearer's head at the top of the banana and the other falling between its legs at the bottom of the banana, however the shape and size of the black-ends are different in each product.

- Each product comports with the general shape of a banana, though the curve, length and girth of the banana varies in each costume.

- Each product has lined edges replicating the natural peels of a banana; however, the lined edges in the RI Costume are pronounced and elaborate whereas the lined edges of the Kangaroo Costume are more subtle.

3

These images belie RI's claim that it created a "costume design" (RI's brief at page 3) entitled to protection under the Copyright Act (or as a Trademark or trade dress). These images also show that the costume merely replicates a banana with functional features to allow for the arms, face and legs of the wearer.

## LEGAL ARGUMENT

### I.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(2) IN THAT DEFENDANT KANGAROO IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEW JERSEY

As a threshold matter, plaintiff's Complaint should be dismissed for lack of personal jurisdiction. Pursuant to FRCP 12(b)(2), "the plaintiff bears the burden of proving that personal jurisdiction is proper." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998). *Accord Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 632 (D.N.J. 2004). The plaintiff must meet this burden "through sworn affidavits or other competent evidence." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) ("Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.").

Pursuant to FRCP 4(k)(1)(A), this court must look to the laws of the State of New Jersey to see if the exercise of personal jurisdiction over defendant Kangaroo would be proper. New Jersey Court Rule 4:4-4 allows the exercise of personal jurisdiction "to the uttermost limits permitted by the United States Constitution." *Avdel Corporation v. Mecure*, 58 N.J. 264, 268 (1971). Under the circumstances, the personal jurisdiction inquiry "collapses" into a single inquiry: whether the exercise of personal jurisdiction comports with due process. *IMO*, 155 F.3d at 259. Due process requires that nonresident defendants have "certain minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair

play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted); *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008).

The United States Supreme Court has recognized two types of personal jurisdiction, specific jurisdiction and general jurisdiction. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). Specific jurisdiction exists when the plaintiff's claim "arises out of the defendant's contacts with the forum." *IMO Indus.*, 155 F.3d at 259. If the claims do not relate to the defendant's in-state activities, the court may exercise general jurisdiction only if the defendant's unrelated contacts with the forum are "systematic and continuous." *Helicopteros*, 466 U.S. at 411. As is set forth below, in its Complaint in this action, plaintiff has failed to establish these minimum contacts.

A.   **There Is No Basis For The Court To Exercise Specific Jurisdiction Over Kangaroo**

"Determining whether specific jurisdiction exists involves a three-part inquiry." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). The plaintiff has the burden of proving the first two steps of the analysis: (1) that the defendant purposefully directed its activities to the forum; and (2) that the plaintiff's claim arises from those specific activities. If the plaintiff establishes these elements, the court "may consider additional factors to ensure that the assertion of jurisdiction otherwise comports with fair play and substantial justice." *Id.* (citation omitted). Plaintiff cannot satisfy this standard.

The Complaint in this action alleges that defendant Kangaroo publishes a Halloween Catalog which offers for sale two banana costumes which are allegedly copies of plaintiff's copyrighted banana costume. [Complaint ¶ 32]. The Complaint does not allege that defendant Kangaroo has offered for sale, or has sold, any allegedly infringing costumes in the State of New Jersey. Indeed, the Complaint does not even allege that defendant Kangaroo distributed its catalog to prospective customers in the State of New Jersey – instead, the Complaint merely

alleges that plaintiff received a copy of Kangaroo's from an undisclosed "third party." [Complaint ¶ 10].

As set forth in the accompanying Declaration of Justin Ligeri dated December 21, 2017 (the "Ligeri Decl."), Kangaroo is a Florida corporation with its principal place of business in Tempe, Arizona. Kangaroo is a wholesaler, and does not sell its products directly to the public but instead sells its products to retailers who then sell the products through various retail channels. Kangaroo has not sold the banana costume to any reseller in the State of New Jersey and Kangaroo does not have any interest in, and does not control, any reseller that may have sold the product in New Jersey. In particular, Kangaroo does not control when, where or to whom its products are sold by the resellers. Although Kangaroo does maintain a copy of its catalog on its website, kangaroomfg.com, this website is "passive" in that it does not allow prospective customers to purchase products directly from the website.

Even if Kangaroo sold some allegedly infringing banana costumes to its resellers, and one of those resellers then sold a costume to a consumer in New Jersey, that still would not be enough to confer specific personal jurisdiction over Kangaroo in New Jersey. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011) (English manufacturer who placed machine in the "stream of commerce" is not subject to personal jurisdiction in New Jersey even though it was foreseeable that machine might ultimately wind up in New Jersey, absent proof that defendant purposefully availed itself of right to do business in New Jersey); *Jumpp v. Jerkins*, Civ. No. 08-6268 (RBK/KMW), 2010 U.S. Dist. LEXIS 68059 (D. N. J. July 7, 2010) (holding that defendant singer who recorded song that allegedly infringed plaintiff's copyright and then licensed it to a record distributor, who allegedly sold records in New Jersey not subject to personal jurisdiction in New Jersey, stating "mere knowledge or awareness that one's products will end up in the

forum state is not enough to establish minimum contacts sufficient for personal jurisdiction")[3]; *Patent Incentives, Inc. v. Seiko Epson Corp.*, Civ. Action No. 88-1407, 1988 U.S. Dist. LEXIS 9933 (D.N.J. Sept. 6, 1988) (foreign manufacturer that allegedly sold infringing goods to a subsidiary distributor not subject to personal jurisdiction in New Jersey where parent "exercised no control over, and no involvement in, the ultimate distribution of these goods," and did not design product for New Jersey market or advertise product in New Jersey) ")[4]; *Bridgeport Music v. Agarita Music*, 182 F. Supp.2d 653 (M.D. Tenn. 2002) (California music publisher who licensed infringing song not subject to personal jurisdiction in Tennessee even though music distributor allegedly made song available to public over the internet).

The fact that Kangaroo displayed a picture of its allegedly infringing banana costume in its catalog, which was available on its website, is also insufficient to give rise to specific personal jurisdiction over Kangaroo in New Jersey. *See Ackourey v. Sonellas Custom Tailors*, 573 Fed. Appx. 208, 2014 U.S. App. LEXIS 14468 (3d Cir. July 29, 2014) (website which posted defendant's travel schedule and allowed customers to email for appointments, but which does not allow customers to make payments or engage in business transactions does not confer specific personal jurisdiction over out of state defendant); *Kepner-Tregoe, Inc. v. Tracy Learning, Inc.*, Civ. Action No. 3:08-cv-1627-FLW, 2009 U.S. Dist. LEXIS 6371 (D.N.J. Jan. 29, 2009)[5] (operation of a website accessible from New Jersey insufficient to confer specific personal jurisdiction over website operator unless the operator "intentionally targets the site to the forum state or knowingly conducts business with forum state residents via the site," quoting *UToys "R"s, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003); *Gourmet Video, Inc. v. Alpha Blue Archives, Inc.*, Civ. Action No. 08-2158 (MLC), 2008 U.S. Dist. LEXIS 87645 (D.N.J. Oct.

---

[3] A copy of this unpublished decision is annexed hereto as Exhibit A.
[4] A copy of this unpublished decision is annexed hereto as Exhibit B
[5] A copy of this unpublished decision is annexed hereto as Exhibit C.

29, 2008) (personal jurisdiction may not be exercised over a defendant with a website that merely provides information to interested persons).[6]   Because Kangaroo's website merely provides information to interested parties, is not targeted specifically at New Jersey and does not allow New Jersey residents to submit orders via the internet, Kangaroo's website is not sufficient to confer specific personal jurisdiction over Kangaroo in New Jersey.

**B.      There Is No Basis For The Court To Exercise General Jurisdiction Over Kangaroo**

There is also no basis for general jurisdiction over Kangaroo.  In Paragraph 18 of the Complaint, plaintiff alleges that defendant Kangaroo is subject to personal jurisdiction because "Kangaroo is engaged in the systematic and continuous conduct of business in the State of New Jersey."  This is an apparent attempt to invoke principles of "general personal jurisdiction."

Notably, plaintiff does not describe Kangaroo's alleged "systematic and continuous" contacts with the State of New Jersey – as noted above, the Complaint does not describe *any* specific contacts between Kangaroo and the State of New Jersey.  In *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 565 U.S. 915, 919 (2011), the Supreme Court held that a court may not assert general jurisdiction over a nonresident foreign corporation unless "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  In *Daimler AG v. Bauman*, __ U.S. __, ___, 134 S. Ct. 746, 760, 187 L. Ed.2d 624, 640 (2014), the Supreme Court held that for corporations, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction."  In *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016), the Third Circuit noted that following *Daimler*, "it is 'incredibly difficult to establish general jurisdiction [over a corporation] in a forum *other* than the place of incorporation or principal place of business," *id. (emphasis original), quoting Monkton Ins. Servs. Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014), and found that a foreign

---

[6] A copy of this unpublished decision is annexed hereto as Exhibit D.

corporation was not subject to general jurisdiction in Delaware when "[t]he company is not incorporated there, does not maintain an office there, and does not supervise its business there." Although there may be "exceptional cases" where a nonresident corporation's contacts with the forum state are so pervasive as to render it "at home" in the forum state even though it is not incorporated there and does not have its principal place of business there, Kangaroo does not have such contacts. As set forth in greater detail in the Ligeri Declaration: (a) Kangaroo is not incorporated in New Jersey; (b) Kangaroo does not have its principal place of business in New Jersey; (c) Kangaroo is not authorized to do business in New Jersey; (d) Kangaroo has not appointed any agents for service of process in New Jersey; (e) Kangaroo does not have any facilities, offices or employees in New Jersey; (f) Kangaroo does not own any real property in the State of New Jersey; (g) Kangaroo does not have any telephone listings or bank accounts in New Jersey; (h) Kangaroo does not advertise in the State of New Jersey; and (i) Kangaroo does not regularly solicit business in the State of New Jersey. In fact, **even if** Kangaroo had some of these contacts, they would not rise to the level of being "at home" in the State of New Jersey so as to subject Kangaroo to general personal jurisdiction following *Daimler*. *See Display Works, LLC v. Bartley*, 182 F. Supp.3d 166, 173 (D.N.J. 2016) (corporation not subject to general personal jurisdiction even though it had three employees in New Jersey, generated a small percentage of its revenues from New Jersey and attended trade shows in New Jersey).

Since Kangaroo is not incorporated in New Jersey, does not have its principal place of business in New Jersey and does not have other "systematic and continuous" contacts with the State of New Jersey sufficient to render it "at home" in New Jersey, it is not subject to general personal jurisdiction. This case must therefore be dismissed for lack of personal jurisdiction and the Court need not reach other issues on these motions.

## II.   THE COMPLAINT FAILS TO STATE A FACIALLY PLAUSIBLE CLAIM AGAINST DEFENDANT KANGAROO AND THEREFORE SHOULD BE DISMISSED IN ITS ENTIRETY PURSUANT TO FRCP 12(b)(6)

In the event that the matter is not dismissed based upon lack of personal jurisdiction, the Court should dismiss this matter pursuant to FRCP 12(b)(6) for failure to state a claim. While a court must accept as true on a motion to dismiss all well pled allegations, bald assertions, unsupported conclusions, unwarranted inferences or sweeping legal conclusions cast in form of factual allegations will not be accepted by the court. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). To survive a motion to dismiss, a plaintiff must 'plead more than the possibility of relief." *Land v. Helmer*, 843 F.Supp.2d (3d Cir.2012). Further, the complaint must set out "'sufficient factual matter' to show that the claim is facially plausible…" *Id.* (quoting *Ashcroft v Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948-49, 173 L.Ed.2d 868 (2009)). Courts have ruled that when the issues of the copyright validity can be gleaned from the face of the complaint (and exhibits annexed thereto), it is appropriate for the court to evaluate the copyright's validity on a motion to dismiss. *See, e.g., Winstead v. Jackson*, 509 F. App'x 139, 143 (3d Cir. 2013); *Chosun International v. Chrisha Creations, Ltd.*, 413 F.3d 324 (2d Cir. 2005).

### A.   THE COMPLAINT FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

To establish a claim of copyright infringement a plaintiff must demonstrate: (a) ownership of a valid copyright; and (b) unauthorized copying of **original** elements of the plaintiff's work. *Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002) (emphasis added). The issue of whether a work is subject to copyright protection is a question of law for the courts. *Yankee Candle Co. v. Bridgewater Candle Co.*, 259 F.3d 25, 34 n. 5 (1st Cir. 2001); *Banzai, Inc, v. Broder Bros., Co.*, 2009 WL 1285518 (E.D.Pa. May 7,

2009); *Webloyalty.com, Inc. v. Consumer Innovations, LLC*, 2005 WL 468496 at *2 (D.Del., Feb 17, 2005); *Coston v. Product Movers*, 1990 WL 56516 at *3 (E.D.Pa., May 2, 1990). The mere fact that a copyright certificate has been issued is rebuttable if the plaintiff's work should not qualify for copyright protection as a matter of law. *See Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663, 667, 669 (3rd Cir. 1990).

First, the RI Banana Costume does not qualify for copyright protection because the costume is comprised of a set of design elements that are not protectable because they are either purely functional or are not original (i.e. are dictated by the natural features of a banana). (*See* Section A.1.a – b).  Second, the alleged copyright in the RI Banana Costume is not valid because all of the elements are part-and-parcel of the expression of a banana costume, and under the doctrines of merger and scenes-a-faire, constitute unprotectable ideas (*See* Section A.1.c).

**1.   The Design Elements Upon Which Plaintiff Bases its Claim of Infringement are Functional, Not Original, or Merely Ideas, and not entitled to Copyright Protection**

Generally speaking, costumes, as articles of clothing, are generally treated as useful articles not eligible for copyright protection. *Chosun International v. Chrisha Creations, Ltd.*, 413 F.3d 324 (2d Cir. 2005); *Whimsicality, Inc. v. Batta*, 27 F.Supp.2d 456, 463 (S.D.N.Y. 1998) (denying claims for copyright and trademark infringement for costumes because costumes are useful articles which can only be protected by copyright if they "incorporate[] pictorial, graphic or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.") (quoting 17 U.S.C. §101).   Design elements of costumes have been afforded protection only where the elements are found to constitute a "separable pictorial or sculptural authorship [supporting] copyright protection." *Registrability of Costume Designs*, 56 Fed. Reg. 56530, 55632 (Nov. 5, 1991). *Accord: Chosun Int'l, Inc. v. Chrisha Creations, Ltd.*, 413 F.3d 324 (2d Cir. 2005); *Animal Fair, Inc. v. Amfesco*

*Indus., Inc.*, 620 F. Supp. 175 (D.C. Minn. 1985), aff'd mem., 794 F.2d 678 (8th Cir. 1986);

*Nat'l Theme Prods. Inc. v. Jerry B. Beck Inc.*, 696 F. Supp. 1348 (S.D. Cal. 1988).  The United

States Supreme Court has recently made clear that to be protectable the copyrighted design

feature:

> must be able to exist as its own pictorial, graphic, or sculptural work as
> defined in §101 once it is imagined apart from the useful article. If the
> feature is not capable of existing as a pictorial, graphic, or sculptural work
> once separated from the useful article, then it was not a pictorial, graphic, or
> sculptural feature of that article, but rather one of its utilitarian aspects.

*Star Athletica, L.L.C. v. Varsity Brands, Inc.,* 137 S. Ct. 1002, 1010 (2017).  *Cf. National Theme*

*Productions, Inc., v. Jerry B. Beck, Inc., 696 F.Supp. 1348, 1353 and 1356 (S.D.Cal. 1988*

(distinguishing copyrightable costumes from utilitarian costumes based upon their functionality

in being worn as clothes; whether the artistic feature is separable from the costume; and finding

that generic renditions or depictions of objects/animals are not copyrightable absent some artistic

expression in the design differing it from the generic object depicted).

The design elements of the RI Banana Costume are not original and are not entitled to

copyright protection.  Plaintiff alleges, *inter alia*, that its copyright in the RI Banana Costume

design extends to following: its "bright yellow color with dark tips at the ends", the "lines

running down [its] sides", the "placement of the banana ends", and its "cutout holes" (Compl.

¶27). These elements whether considered individually, or as in combination with each are not

protectable for the reasons set forth below.

**a.   The Cutout Holes of the RI Banana Costume Design are Functional**

As set forth above, the Copyright Act does not protect design features which are merely

utilitarian aspects of the useful article. *See U.S.C.* §101.  As a matter of law, "cutout holes" for

arms, legs, and faces incorporated into wearable costumes are utilitarian aspect of a useful

article, clothing, and thus are cannot be protected through copyright.  *Whelan Assocs., Inc. v. Jaslow Dental Laboratory, Inc.*, 797 F.2d 1222, 1236 (3d Cir. 1986).  The use of cutout holes in the RI Banana Costume are not for design or aesthetic purposes, but to enable the costume to be worn by an individual, no different than the arm or neck cutouts on a shirt or the legs cutouts on a pair of shorts.

### b.  <u>The Colors, Lines, and Shape of the RI Banana Costume are Not Original</u>

The Copyright Act provides that copyright protection subsists in original works of authorship fixed in any tangible medium of expression. 17 U.S.C. § 102(a). "The *sine qua non* of copyright is originality." *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 346, 111 S.Ct. 1282 (1991).  In the context of copyright, original, "means only that the work was independently created by the author ... and that it possess at least some minimal degree of creativity. *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 345, 111 S.Ct. 1282 (1991).

Generally, as a matter of law, color is not protected by copyright. 37 C.F.R. §202.1(a) ("coloring" is not subject to copyright protection). *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 851 (9th Cir., 2012) ("variations of color are not copyrightable"); *Boisson v. Banian, Ltd.*, 273 F.3d 262, 271 (2d Cir. 2000) ("color by itself is not subject to copyright protection"). While "an original combination or arrangement of colors" may, under the right circumstances, be afforded copyright protection (*Nimmer on Copyright*, §2.14 at 2-178 (2001)) there can be no doubt that there is nothing original about making a banana yellow or the ends of a banana black, as this is exactly how a ripe banana appears in nature.  *See, e.g., Banzai, Inc, v. Broder Bros., Co.*, 2009 WL 1285518 at *3 (E.D.Pa. May 7, 2009) (dismissing complaint for

copyright infringement because the use of predictable colors "does not satisfy the minimum creativity necessary to establish a valid copyright.").

Taken individually or in combination the "bright yellow color with dark tips at the ends", "lines running down the sides", and "placement of the banana ends" in RI's Banana Costume design are not original, as use of these design elements are dictated by the natural physiology of banana and replicate an actual banana. While there is dearth of case law discussing copyright in depictions of fruit, there is a line of similar cases which discuss the protectability of depictions of animals. In *L.A. T-Shirt & Print, Inc. v. Rue 21, Inc.* No. 16-CV-5400 (RA), 2017 U.S. Dist. LEXIS 131845 at *16-17, (S.D.N.Y. Aug. 17, 2017), the court analyzed cases from various Circuits which it held establish that, "copyright does not protect depictions of animals that are dictated by the animal's anatomy or physiology but may protect original expressions of the animal's appearance." *See also Billco Int'l, Inc. v. Charles Prods., Inc.,* 776 F. Supp. 2d 105, 114 (D. Md. 2011) ("[W]hen works contain realistic depictions of animals or other naturally occurring items, the scope of the copyright protection for the work may be limited because the features and behavior of animals in nature are part of the public domain.").

By way of further examples from appellate court decisions, in *Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62 (1st Cir. 2009)*, the First Circuit held that several elements of a toy tree frog were protectable, including the placement of a Puerto Rican flag stitched to the frog's underbelly, as well as the frog's "distinctive stitching pattern," "idiosyncratic color combination," "pose," and "dimensions, when combined with the aforementioned elements." *Id.* at 69. The First Circuit stressed that these elements were not "inevitable concomitants of an effort to produce an anatomically correct portrayal of the [frog]," particularly because tree frogs lack many of these features in nature. *Id.* In *Satava v. Lowry,* 323 F.3d 805

(9th Cir. 2003), by contrast, the Ninth Circuit held that copyright protection for a jellyfish sculpture did not extend to several elements that were simply "governed by jellyfish physiology," such as the sculpture's "tendril-like tentacles," "bright colors," or "oblong shroud," but could extend to some of the artist's original contributions, such as the "distinctive curls of particular tendrils" or "the arrangement of certain hues." *Id.* at 811-12.  In *Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.*, 509 F.2d 64 (2d Cir. 1974) (per curiam), the Second Circuit held that a pin in the shape of a turtle with jewels placed along its spine was not copyrightable, as "the idea of placing jewels on the back of the carapace" was "rather obvious" and "merely conforms to the normal shape of the turtle's back and the pattern of its vertebrae segments." *Id.* at 66."

These cases confirm that the mere depiction of an animal (or a banana) in a costume is not eligible for copyright protection.  Applying these concepts to the instant case, depicting basic features of a naturally occurring banana, including yellow color with black ends, the general shape and curve, and the placement of its ends at the top and bottom (which create its curve and shape), are not original and not eligible for copyright protection.

### c.  Under the Merger and Scènes à Faire Doctrines the Design of the RI Banana Costume is Merely an Unprotectable Idea

Copyright protection for an original work does not extend to any idea or concept described, illustrated, or embodied in such work.  17 *U.S.C.* §102(b). In determining whether the elements of a work are protectable, two related doctrines must be considered: merger and scènes à faire. *Tetris Holding, LLC v. Xio Interactive, Inc.,* 863 F. Supp. 2d 394, 403 (D.N.J. 2012).

The Third Circuit has defined merger as the "point when an author's expression becomes indistinguishable from the idea he seeks to convey, such that the two merge. In these circumstances, no protection is available for the expression; otherwise, the copyright owner could effectively acquire a monopoly on the underlying art or the idea itself." *Kay Berry, Inc. v.*

*Taylor Gifts, Inc.*, 421 F.3d 199, 209 (3d Cir. 2005) (*citing Educ. Testing Servs. v. Katzman*, 793 F.2d 533, 539 (3d Cir. 1986). Merger is appropriate when there is no other or few other ways of expressing a particular idea. *Tetris*, 863 F. Supp. 2d at 403(citing *Educ. Testing Services v. Katzman*, 793 F.2d 533, 539 (3d Cir. 1986)). While a finding that an idea and an expression have merged is not common, merger is generally found in works with a utilitarian function. *Kay Berry,* 421 F.3d  at 209 (*citing Brown Instrument Co. v. Warner*, 82 U.S. App. D.C. 232, 161 F.2d 910 (D.C. Cir. 1947);  *M.M. Bus. Forms Corp. v. Uarco, Inc.*, 472 F.2d 1137 (6th Cir. 1973)).

　　This Circuit has also adopted the related scènes à faire doctrine which holds that, for much of the same reason as merger, an "expression that is so associated with a particular genre, motif, or idea that one is compelled to use such expression" is unprotectable by copyright law. *Tetris,* 863 F. Supp. 2d at 403(citing *Jackson v. Booker*, No. 11-3400, 465 Fed. Appx. 163, 2012 U.S. App. LEXIS 3024, at *12-13 (3d Cir. 2012)  (describing scènes à faire as the "incidents, characters or settings which are as a practical matter standard in the treatment of" a particular subject); *Hoehling v. Universal City Studios, Inc.*, 618 F.3d 972, 979 (2d Cir. 1980) ("Because it is virtually impossible to write about a particular historical era or fictional theme without employing certain 'stock' or standard literary devices, we have held that scènes à faire are not copyrightable as a matter of law."); *Whelan*, 797 F.2d at 1236 ("It is well-settled doctrine that scènes à faire are afforded no copyright protection.")).

　　The only discernable elements of  RI's Banana costume in which plaintiff has alleged rights, are its "bright yellow color with dark tips at the ends", the "lines running down [its] sides", the "placement of the banana ends", and its "cutout holes" (Compl. ¶27). As discussed above, the first three elements are present in any depiction of ripe, unpeeled, banana, as such

these common elements constitute unprotectable scènes à faire. More importantly, the arrangement and execution of these elements, along with the "cutout holes" are not original, but are necessary to manifest the idea of wearable body suit which resembles a ripe, unpeeled banana, for which there are few, if any, other means of expression.  See, e.g., *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738 (9th Cir. 1971)(the idea and expression of jeweled bee pin merged and was unprotectable).  Even if the Court were to find that RI's expression of its banana costume had some minimum level of originality, the RI Banana Costume still would not be protectable as a matter of law based on the doctrines of merger and scènes à faire.

## 2.   The Complaint Fails to Establish that Kangaroo Engaged in Unauthorized Copying of Original Elements of the Plaintiff's RI Banana Costume

Above and beyond the validity of the copyright, Kangaroo's banana costume is not an unauthorized copy of plaintiff's costume.  It is appropriate for the court to evaluate the similarity of the copyrighted and allegedly infringing works on a motion to dismiss because no discovery or fact finding is typically necessary when "what is required is only a visual comparison of the works" *Winstead v. Jackson*, 509 F. App'x 139, 143 (3d Cir. 2013).

The Third Circuit has made clear that "not all copying is copyright infringement," so even if actual copying is proven, the court must decide, by comparing the allegedly infringing work with the original work, whether the copying was unlawful. *Winstead v. Jackson*, 509 F. App'x 139, 143 (3d Cir. 2013) (internal citations omitted, emphasis added). The focus of this analysis is on "whether the substantial similarities relate to *protectible* [sic] material." *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 208 (3d Cir. 2005) (citing *Dam Things from Denmark v. Russ Berrie & Co.*, 290 F.3d 548, 562(3d Cir. 2002)). The idea or theme which an author seeks to convey is not protectable, therefore the court must determine whether the allegedly infringing work is similar because it appropriates the *unique expressions* of the original work, 'or merely

17

because it *contains elements that would be expected* when two works *express the same idea* or explore the same theme.'" *Winstead v. Jackson*, 509 F. App'x 139, 143 (3d Cir. 2013) (citing *Kay Berry*, 421 F.3d at 208; *Baker v. Selden*, 101 U.S. 99, 104-05, 25 L. Ed. 841, 1880 Dec. Comm'r Pat. 422 (1879)). *See e.g., Christianson v. West Pub. Co.*, 53 F.Supp. 454, 455 (N.D.Cal. 1944) (rejecting a claim for copyright of a map explaining that "[m]ere similarity resulting from the character of the ... object ... is not enough.").

The Complaint alleges that Kangaroo's Banana Costumes "are copies of the [RI Banana Costume], in that the costumes each "have the same exact shape and cutout holes ... the ends of the bananas are placed similarly, the vertical lines running down the middle of the bananas are the same, and the one-piece costumes are worn on the body the same way ...." (Compl. ¶36). Here, as discussed in Section A, none of these elements are original or protected by copyright. While defendant does not intend to beat a dead horse, it warrants repeating as plaintiff's copyright claim in the following design elements is ridiculous: the colors yellow and black are essential to depicting a ripe banana and therefore are *not* an "original combination or arrangement of colors" entitled to copyright protection (*See Boisson*, 273 F.3d at 271); the general shape of RI's Banana Costume and its cut out holes are not protectable since the cut, shape, or pattern of a garment, a useful article, is functional. Moreover the crescent-like shape, the placement of the black ends, and the verticals lines down the middle of the costume replicate naturally occurring features of banana physiology belonging to the public domain. *See L.A. T-Shirt & Print*, 2017 U.S. Dist. LEXIS 131845 at *16-17. Once all of these non-protectable elements are filtered away from the RI Banana Costume, there remains nothing left of the costume to protect, and thus no protectable elements or combination of elements for which Kangaroo can be charged with unlawfully copying. The only similarities between the RI Banana

Costume and the Kangaroo Banana Costume are elements that would be expected of two costumes expressing the idea of a basic unpeeled banana design, and which are found in numerous third-party banana costume designs.

## III.   THE COMPLAINT FAILS TO STATE A CLAIM FOR TRADE DRESS INFRIGEMENT OR UNFAIR COMPETITION UNDER THE LANHAM ACT

To establish infringement of its unregistered trade dress in a product design, a plaintiff must prove that (1) the allegedly infringing feature is non-functional, (2) the feature is inherently distinctive or has acquired secondary meaning, and (3) consumers are likely to confuse the source of the plaintiff's product with that of the defendant's product. *Shire U.S., Inc. v. Barr Labs., Inc.,* 329 F.3d 348, 353 (3d Cir. 2003) *(citing Wal-Mart Stores, Inc. v. Samara Bros., Inc.,* 529 U.S. 205, 210-211, 120 S. Ct. 1339, 1343, 146 L. Ed. 2d 182 (2000)). Trade dress protection, however, is not intended to create patent-like rights in innovative aspects of product design and extends only to incidental, arbitrary or ornamental product features which identify the product's source. *Shire U.S., Inc. v. Barr Labs., Inc.,* 329 F.3d 348, 353 (3d Cir. 2003) *(citing Eppendorf-Netheler-Hinz GmbH v. Ritter GmbH,* 289 F.3d 351, 355 (5th Cir. 2002). Trade dress is a limited concept which protects a product's goodwill. *Shire US Inc. v. Barr Labs., Inc.,* 329 F.3d 348, 353 (3d Cir. 2003).

The Second and Third Counts, for trade dress infringement and related unfair competition claims under the Lanham Act, fail as a matter of law because the design of the RI Banana Costume is purely functional and to the extent any design element contained therein may be considered purely ornamental, those elements lack distinctiveness as they are used by numerous competing third-parties. First, there is no trade dress protection for using the color yellow to depict a banana.   *See ERBE Electromedizin GMBH v. Canady Technology LLC,* 529 F.Supp.2d

577 (W.D.Pa. 2007) (blue color of plaintiffs probes would not be afforded trade dress protection because they are functional, and because they have not acquired secondary meaning even though plaintiff used the colors for 30 years and marketed using the tag line "true blue probe."). Similarly, there is no trade dress protection for simple vertical lines down the middle of a costume or using the basic shape of an unpeeled banana. The design features are functional and essential to the depiction of a banana.

The law is clear that the functionality doctrine "forbids the use of a product's feature as a trademark where doing so will put a competitor at a significant disadvantage because the feature is essential to the use or propose of the article." *Qualitex Co. v. Jacobson Products Co.,* 514 U.S. 159, 165, 115 S.C.t 1300 (1995)(*quoting Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* 456 U.S. 844, 850 n.10, 102 S.Ct.2182 (1982). Put another way, the functionality doctrine "encourages competition by preventing a manufacturer from acquiring a monopoly by attempting to trademark those feature of a design essential to a successful product of that type." *Standard Terry Mills, Inc. v. Shen Mfg. Co.,* 803 F.2d 778, 780-81 (3d Cir. 1986). It would create an unfair monopoly for the Lanham Act to protect such features of a banana costume such as the color of the costume being yellow, the shape and lining of the banana, the anatomically correct positioning of the face, arm, and leg holes, and the placement of the ends of the banana in accordance with a banana's natural physiology (Compl. ¶36) because all of these elements are "essential to the use or purpose of the article." *Inwood, supra,* at 850, n.10.

In addition to alleging trade dress infringement, RI has also alleged unfair competition under the Lanham Act. (Compl. Count III, ¶¶63-71). There are two types of unfair competition claims under the Lanham Act – likelihood of confusion and false advertising. Although not clearly articulated, RI appears to be alleging both. (See Compl. ¶65 "Kangaroo's conduct . . . is

likely to cause consumer confusion" and ¶67 "Kangaroo's wrongful conduct arises directly out of and is connected to its advertising activities.")

In order to state a cause of action for unfair competition based on a likelihood of confusion a plaintiff must be able to show secondary meaning in the marketplace. See *Wal-mart, supra*, at 216. Indeed, the factors to be considered for both trade dress infringement and unfair competition under the Lanham Act are the same. *A & H Sportswear, Inc. v. Victoria's Secret Stores*, Inc., 237 F.3d 198, 210 (3d Cir. 2000). As set forth in detail above, plaintiff has not and cannot show the elements of its banana costume it alleges have been infringed upon have developed a secondary meaning in the marketplace; thus, RI's claim for unfair competition under the Lanham Act fails as a matter of law. As New Jersey Courts have held the elements for establishing an unfair competition claim under the common law is the same as under the Lanham Act, the common law claims are also facially implausible.

In order to state a claim for false advertising under the Lanham Act, a plaintiff must be able to establish that the defendant, in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, and if so, the defendant shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. 15 U.S.C. §1125(a)(1)(B). According to the Complaint, Kangaroo advertises its products "in a misleading manner. Kangaroo chooses to dress its costume models the same as RI's models," namely by dressing the models wearing a banana costume over a black shirt and black pants, wearing black dress shoes." *See* Compl. ¶¶ 28 & 66.  RI has not and cannot establish any proprietary or reputation related right in wearing all-black clothing under a costume, and have failed to demonstrate that Kangaroo has made any "misrepresentation" as required by the statute.

For all of the foregoing reasons, RI fails to state a claim in the Complaint that the Kangaroo Banana Costume infringes on RI's trade dress, or that Kangaroo's exploitation of such costume in the market constitutes unfair competition in violation of the Lanham Act. Therefore, the Second and Third Counts in the Complaint must be dismissed.

## IV.   PLAINTIFF'S MOTION FOR A PRELIMNINARY INJUNCTION SHOULD BE DENIED

As a threshold matter, to the extent that the Court determines that there is no jurisdiction over the defendant, or that the Complaint should be dismissed, the application for a preliminary injunction should be outright denied.  Regardless, the plaintiff has failed to meet its burden for the award of what is, in effect, a mandatory injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  A preliminary injunction is an "extraordinary remedy," and is "never awarded as of right." Id. at 24.  The mere "possibility" of irreparable harm is insufficient – a plaintiff seeking preliminary relief must demonstrate that irreparable harm is imminent and "likely" in the absence of an injunction.  Id. at 22.  *See also Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)(a preliminary injunction is an "extraordinary and drastic remedy" requiring demonstration of a "likelihood" on the merits).   In the Third Circuit, "the movant for preliminary equitable relief must meet the threshold for the two 'most critical' factors:  it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (citations omitted).  "If these gateway factors are met, a court then

considers the remaining two factors [the balancing of equities and the public interest] and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." Id.

Here, the plaintiff not only seeks a preliminary injunction - but a mandatory injunction seeking the ultimate relief requested should it win the case. In the case of a mandatory injunction, rather than a mere "likelihood of success" on the merits, the movant must establish a clear and substantial likelihood of success on the merits." Id. citing *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (emphasis added). With regard to irreparable harm, a mandatory injunction will issue only where extreme or very serious damage will result from a denial of preliminary relief. *Tom Doherty Assoc. v. Saban Ent., Inc.*, 60 F.3d 27, 34 (2d Cir. 1995)(*citing Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985) (rev'd on other grounds).

A court may not adopt a categorical or general rule presuming that the plaintiff can satisfy an element of the preliminary injunction standard in any particular category of cases, and must examine the facts of each case individually. *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392-393 (2006) (stating that "this Court has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed"); *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205 (3d Cir. 2014) (court may not presume irreparable harm in a false advertising case brought under the Lanham Act and the New Jersey Consumer Fraud Act). As set forth above in detail, plaintiff has failed to satisfy its showing of a likelihood of success on the merits.

Plaintiff has also failed to establish irreparable injury. The availability of money damages for an injury typically will preclude a finding of irreparable harm. *Reilly*, 858 F.3d at 179 n.4. Accordingly, where a party "can be fully compensated by a monetary award, an

injunction will not issue because no irreparable harm will be sustained in the absence of such relief." *Mar v. Liquid Management Partners, LLC*, 62 A.D.3d 762, 762, 880 N.Y.S.2d 647, 648 (2d Dept. 2009).   A mere loss of profits or relative deterioration of competitive position is inadequate for preliminary injunction.  *Merrill Lynch, Pierce, Feriner & Smith, Inc. v. E.F. Hutton & Co.*, 403 F. Supp. 336, 343 (E.D. Mich. 1975).  *See also KMW Int'l v. Chase Manhattan Bank*, 606 F.2d 10, 14 (2d Cir. 1979) (preliminary injunction denied because movant could be made whole by money damages); *Sperry Int'l Trade, Inc. v. Gov't of Israel*, 670 F.2d 8, 12-13 (2d Cir. 1982)(same); *Merrill Lynch, Pierce, Fenner & Smith v. de Liniere*, 572 F. Supp. 246, 248-9 (N.D. Ga. 1983) (holding that any loss of business could be adequately redressed with money damages for breach of contract-also holding that conjecture about a possibility of difficulties with damage computation is inadequate to support an injunction before trial.) Moreover, merely because there is a claim that a copyright has been violated does not entitle the movant to a preliminary injunction if he can be made whole by monetary damages.

Following the Supreme Court's decision in *eBay*, a finding of irreparable injury does not flow automatically from a finding of copyright infringement.  *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392-393 (2006).  Irreparable harm is "harm that (a) occurs to the parties' legal interests and (b) cannot be remedied after a final adjudication, whether by damages or a permanent injunction." *Salinger v. Colting*, 607 F.3d 68, 81 (2d Cir. 2010).   The mere allegation of reputational injury is insufficient ground for the issuance of a preliminary injunction, absent underline evidence of actual harm.  *Aurora World, Inc. v. TY Inc.*, 719 F. Supp.2d 1115, 1169 (C.D. Cal. 2009).  Furthermore, allegations of potential lost sales or loss of market share are also insufficient grounds for finding irreparable injury "because acceptance of that position would require a finding of irreparable harm to every plaintiff regardless of circumstances."  Id.

(denying preliminary injunction where plaintiff failed to introduce "evidence regarding its U.S. sales figures, potential lost sales in the United States or any evidence suggesting that sales are being lost to [defendant]); *Suja Life, LLC v. Pines Int'l, Inc.*, Case no. 16-CV-985-GPC, 2016 U.S. Dist. LEXIS 147014 (S.D. Cal. Oct. 24, 2016) (alleged drop in sales does not constitute irreparable harm, as it can be compensated by money damages).  Where the injury to plaintiff by reason of plaintiff's alleged copyright infringement can be remedied by money damages, a preliminary injunction will not issue.  *See Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, 864 F. Sup.2d  316, 329 (E.D. Pa. 2012) (where publisher allegedly violated photographer's copyright by publishing book containing photograph in excess of license, damages can be calculated by reference to photographer's licensing framework, and preliminary injunction denied).

Here, the plaintiff alleges that it previously licensed the use of the banana costume to defendant, but that defendant continued to manufacture and sell banana costumes after its license was terminated.  The damage to plaintiff can be easily calculated based upon the licensing fees it previously charged defendant to sell the same product, and plaintiff can be adequately compensated by money damages.

Even to the extent that the Court is not prepared at this time to make a final ruling on the validity of the copyright, the defendant has raised significant issues relating to whether the copyright is legally sustainable.  Because the plaintiff can be made whole with monetary damages from any sales that it might lose, and because the plaintiff acknowledges that it licenses out its banana design to others to sell, the balancing of the equities tips in favor of defendant.

## V.     IN THE EVENT AN INJUNCTION IS ISSUED
## PLAINTIFF SHOULD BE REQUIRED TO POST AN INJUNCTION BOND

Rule 65 provides the district court with "wide discretion to set the amount of a bond."

*Corning, Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156 (2d Cir. 2004).   As set forth in the Ligeri

declaration, defendant did $102,000 of sales of the banana costume in 2017 and would risk the

loss of sales for the 2018 and 2019 seasons if the preliminary injunction were wrongfully issued.

In the event a preliminary injunction if issued, it is respectfully requested that a bond be posted

in the amount of $300,000.

## CONCLUSION

For the reasons set forth above, defendant Kangaroo respectfully requests that the Court

(a) dismiss this action for lack of jurisdiction under FRCP 12(b))2); (b) dismiss the Complaint in

entirety for failure to state a cause of action pursuant to FRCP 12(b)(6); (c) deny plaintiff's

request for a preliminary injunction; and (d) alternatively, require the plaintiff to post an

injunction bond in the amount of $300,000 if such a mandatory injunction were issued; and (e)

such other and further relief as the Court deems just and proper.

Dated: New York, New York
          December 21, 2017

MORITT HOCK & HAMROFF LLP
Attorneys for Defendant

By:_____
          David A. Schrader (DS-1765)
          A. Jonathan Trafimow
1407 Broadway, 39th Fl.
New York, New York 10018
(212) 239-2000
dschrader@moritthock.com