## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SILVERTOP ASSOCIATES, INC., D/B/A RASTA IMPOSTA,<br><br>Plaintiff,<br><br>vs.<br><br>KANGAROO MANUFACTURING, INC.,<br><br>Defendant. | Civil Action No.<br>1:17-cv-07919-NLH-KMW<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**MOTION DAY: JANUARY 25, 2018** |

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

---

By:   */s/Alexis Arena*
      Alexis Arena, Esq.
      Eric R. Clendening, Esq.
      FLASTER/GREENBERG P.C.
      Commerce Center
      1810 Chapel Avenue West
Dated:  January 10, 2018    Cherry Hill, NJ 08002-4609
      *Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ............................................................................... 1

FACTS .......................................................................................................................... 3

A.     **Kangaroo's New Jersey Contacts** ............................................................. 3

ARGUMENT ............................................................................................................... 7

A.     **Kangaroo Is Subject to Personal Jurisdiction in New Jersey** ..................... 7

     1.    Rasta Imposta Can Demonstrate Specific Jurisdiction over Kangaroo ................. 9

     2.    In the Alternative, Rasta Imposta Requests Jurisdictional Discovery ................. 11

B.     **Rasta Imposta's Motion for a Preliminary Injunction Should Be Granted.** ............. 12

     1.    Rasta Imposta Established Ownership and Validity of the Copyright Registration at Issue. .............................................................................. 13

     2.    Rasta Imposta Established Copying Due to Kangaroo's Access to the Banana Design and the Overwhelming "Substantial Similarity" between the Products ...................................................................................... 17

C.     **Rasta Imposta's Complaint States Facially Plausible Claims for Relief.** ................. 19

     1.    Rasta Imposta Sufficiently Pled a Claim for Copyright Infringement ................. 19

     2.    Rasta Imposta Successfully Pled Claims for Trade Dress Infringement and Unfair Competition ............................................................................ 21

CONCLUSION ............................................................................................................ 23

i

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*,
   237 F.3d 198 (3d Cir. 2000)....................................................................21, 22

*Arlandson v. Hartz Mountain Corp.*,
   792 F. Supp. 2d 691 (D.N.J. 2011) .................................................................7, 8

*Brown v. It's Entertainment, Inc.*,
   34 F.Supp.2d 854 49 U.S.P.Q.2d 1939 (E.D.N.Y. 1999) ......................................16

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462, 105 S. Ct. 2174 (1985).................................................................8

*Dedvukaj v. Maloney*,
   447 F. Supp. 2d 813 (E.D. Mich. 2006).............................................................10

*e4Hats.com, Inc. v. Kangaroo Mfg., Inc.*,
   Civil Action No. 8:17-cv-01387 .......................................................................4

*Feist Publications v. Rural Telephone Service Co.*,
   499 U.S. 340 (1991).....................................................................................14

*Ford Motor Co. v. Summit Motor Products, Inc.*,
   930 F.2d 277 (3d Cir. 1991)............................................................................17

*Franklin Mint Corp. v. National Wildlife Art Exchange, Inc.*,
   575 F.2d 62 (3d Cir. 1978)..............................................................................17

*Fyk v. McCall Patterson Co.*,
   No. 94-2358, 31 U.S.P.Q.2d 1155, 1994 WL 139414 (E.D.Pa. Apr. 19, 1994).....................17

*Great Am. Duck Races, Inc. v. Kangaroo Mfg., Inc., et al.*,
   Civil Action No. 2:17-cv-00212, Arizona District Court, .........................................4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)...........................................7

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)..................................................7

*Interpace Corp. v. Lapp, Inc.*,
   721 F.2d 460 (3d Cir. 2000).............................................................................21

ii

*J. McIntyre Mach., Ltd. v. Nicastro,*
    131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011) ............................................................8

*Jackson v. Booker,*
    465 F. App'x 163 (3d Cir. 2012) ...................................................................15

*Kay Berry, Inc. v. Taylor Gifts, Inc.,*
    421 F.3d 199 (3d Cir. 2005)...................................................................15, 19

*Land v. Helmer,*
    843 F. Supp. 2d 547 (D.N.J. 2012) .......................................................19

*Lyons Partnership, L.P. v. D&L Amusement & Entertainment, Inc.,*
    702 F.Supp.2d 104 (E.D.N.Y. 2010) .....................................................16

*McNeil Nutritionals, LLC, v. Heartland Sweeteners, LLC,*
    511 F.3d 350 (3d Cir. 2007)...................................................................21

*Metcalfe v. Renaissance Marine, Inc.,*
    566 F.3d 324 (3d Cir. 2009)...............................................................7, 8

*Mon Cheri Bridals, Inc., v. Wen Wu,*
    383 Fed. Appx. 228 (3d Cir. 2010) ...................................................13, 19

*National Theme Productions, Inc., v. Jerry B. Beck, Inc.,*
    696 F.Supp. 1348 (S.D.Cal. 1988).......................................................16

*New Line Cinema Corp. v. Easter Unlimited, Inc.,*
    17 U.S.P.Q.2d 1631, 1989 WL 248212 (E.D.N.Y. 1989) ..................16

*Nicholas v. Saul Stone & Co., LLC,*
    224 F.3d 179 (3d Cir. 2000).....................................................................7

*O'Connor v. Sandy Lane Hotel Co.,*
    496 F.3d 312 (3d Cir. 2007).....................................................................9

*Online Distribution, Inc. v. Kangaroo Mfg., Inc., et al.,*
    Civil Action No. 2:17-cv-13002 ...............................................................4

*Profoot Inc. v. MSD Consumer Care, Inc.,*
    No. 11cv7079, 2012 WL 1231984 (D.N.J. Apr. 12, 2012) ..............20, 21

*Provident Nat'l Bank v. California Fed. Sav. Loan Ass'n,*
    819 F.2d 434 (3d Cir. 1987).....................................................................7

*Rubie's Costume Co., Inc., et al. v. Kangaroo Mfg., Inc., et al.,*
    Civil Action No. 2:16-cv-06517 ...............................................................4

6547346 v2

*Simons v. Arcan, Inc.*,
    No. 12-01493, 2013 WL 1285489 (E.D. Pa. Mar. 28, 2013) ...................................9

*Sperber v. Elwell*,
    No. 13-0768, 2013 WL 2934049 (D.N.J. June 13, 2013).......................................8, 9

*SRU BigMouth LLC v. Kangaroo Mgf., Inc.*,
    Civil Action No. 3:17-cv-01297-SRU, Connecticut District Court,........................4

*Star Athletica, LLC v. Varsity Brands, Inc.*,
    137 S. Ct. 1002 (2017)...............................................................................12, 13, 15, 16

*Telebrands Corp. v. Mopnado*,
    No. CV21407969JLLJAD, 2016 WL 368166 (D.N.J. Jan. 12, 2016)....................10

*Telebrands Corp. v. Newmetro Design, LLC*,
    No. CV 16-1981, 2016 WL 8999932 (D.N.J. Nov. 10, 2016) (Walls, J.) ..............18

*Toys "R" Us, Inc. v. Step Two, S.A.*,
    318 F.3d 446 (3d Cir. 2003)..................................................................................11

## FEDERAL STATUTES

15 U.S.C. § 1125(a) of the Lanham Act ..............................................................................22

Copyright Act of 1976, 17 U.S.C. § 101 ...........................................................................13

*Whelan Associates*, 797 F.2d 1222, 1231-32 (3d Cir. 1986) ...........................................19

## RULES

Fed. R. Civ. P. 4(e) ...............................................................................................................7

Fed. R. Civ. P. 12(b)(6).........................................................................................1, 2, 4, 18

Rule 12(b)(2).........................................................................................................................8

iv

## PRELIMINARY STATEMENT

Kangaroo's cross motion should be denied in its entirety, as personal jurisdiction is proper in the District of New Jersey, and Rasta Imposta sufficiently pled claims for relief that easily survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  Personal jurisdiction exists because:

- Kangaroo intentionally disseminates its products widely across America and engages resellers for the specific purpose of expanding its reach nationally through Amazon.  In the past few years, Kangaroo has been involved in a large number of lawsuits across the country and has taken the position that Kangaroo is a national company intentionally selling its products to millions of consumers across America, including in New Jersey.

- When a New Jersey consumer purchases a Kangaroo product on Amazon, the product is warehoused in New Jersey and shipped to the consumer in New Jersey.  Kangaroo advertised its plans to develop a manufacturing facility specifically in New Jersey.

- Although Mr. Ligeri submitted a declaration stating that "Kangaroo *does not* sell its products directly to the public" (emphasis added), that statement does not address what Kangaroo did previously, and Mr. Ligeri apparently bragged about the massive number of Kangaroo products he was selling directly to the public as recently as July 2017.

- Although Mr. Ligeri submitted a declaration stating that "Kangaroo has not sold any *banana costumes* to resellers in the State of New Jersey" (emphasis added), Kangaroo has sold thousands of products online, and the direct sale of *any product* to New Jersey residents is enough to expose Kangaroo to personal jurisdiction in New Jersey. Specifically, Rasta Imposta notes that Kangaroo appears to have sold products directly through the Amazon storefronts "Halloween Superstore" and "Swimming Pool Floats" until recently.

1

Kangaroo's jurisdictional argument is intended to distract the Court from a clear-cut case of willful copyright infringement. There is enough evidence to find personal jurisdiction over Kangaroo at this juncture, but in the event that the Court disagrees, Rasta Imposta respectfully requests jurisdictional discovery in order to establish that Kangaroo has minimum contacts with the State of New Jersey.

Kangaroo's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) should also be denied as baseless. The facts and case law are both against Kangaroo, yet Kangaroo still tries to overcome its enormous burden and argue that Rasta Imposta's claims should be dismissed. Quite simply, accepting all of the allegations in Rasta Imposta's Complaint as true, and all reasonable inferences that can be drawn therefrom, Rasta Imposta has pled sufficient allegations to establish claims for copyright infringement, trade dress infringement, and unfair competition.

Kangaroo's principal argument in opposition to Rasta Imposta's motion for a preliminary injunction is that Rasta Imposta's banana costume cannot be protected by copyright because there is "nothing distinctive" about it. This argument is directly refuted by the 21 different banana costumes and designs that are attached to the Arena. Decl. as Exhibit A. If Rasta Imposta's Banana Design were truly unoriginal and the only possible depiction of a banana as a costume, then all 21 of those banana costumes would be almost identical in appearance. The fact is that they are all vastly different, and the only identical banana costumes are Kangaroo Item Nos. 10477 and 10478. Kangaroo has asked this Court to cancel Rasta Imposta's valid copyright registration, reject binding United States Supreme Court precedent, and undo decades of case law holding that costumes are entitled to copyright protection – all to allow an admitted, willful infringer to continue to deceive consumers by profiting off of Rasta Imposta's Banana Design

2

while undercutting the price by manufacturing the banana costumes with cheaper materials. Rasta Imposta's inspection of the parties' respective banana costume reveals that the costumes are indistinguishable in appearance.

As made clear in Rasta Imposta's Complaint and preliminary injunction motion, Rasta Imposta is not seeking to monopolize the market for banana costumes and has acknowledged that there are other third-party banana costumes in the market that are not infringing.  Here, the defendant bought the costumes from Rasta Imposta, proclaimed that he disputed that Rasta Imposta had valid copyrights in the costume, intentionally made an exact copy of Rasta Imposta's costume for his own commercial gain, and is now actively deceiving costumers as to the source of the costume.

Injunctive relief is sought to prevent further consumer confusion, mislabeling, and infringement from occurring while the litigation is pending.  For the reasons set forth in Rasta Imposta's initial memorandum of law as well as the reasons set forth below, Rasta Imposta respectfully requests that this Court grant a preliminary injunction against Kangaroo and deny Kangaroo's cross motion to dismiss in its entirety.

<u>FACTS</u>

A.    **Kangaroo's New Jersey Contacts**

Contrary to the position taken in its cross-motion, Kangaroo holds itself out to the public as a national company that sells its products nationwide through Amazon.com.  For example, in a trademark infringement complaint that Kangaroo filed in the United States District Court for the Central District of California – Western Division, Case No. 2:16-cv-00435 on January 20, 2016, Kangaroo states that it is a "manufacturer, distributor, wholesaler, and creator of value-priced toys, party supplies and novelties that are sold in retail outlets and on-line on Amazon.com." *See* California Complaint, attached to Second Declaration of Alexis Arena, Esq. ("Arena Second

3

Decl.") as Exhibit A, at ¶ 8.  Kangaroo further declares that its "products are widely disseminated on the open market."  *Id.*

Like Rasta Imposta, Kangaroo claims that its intellectual property rights extend nationwide.  The "Kangaroo" brand name was enrolled in the Amazon Brand Registry Enrollment Program on June 6, 2015.  *Id.* at ¶ 9.  Kangaroo also listed several products that it manufactures and distributes on Amazon.com.  *Id.* at ¶ 11.  Kangaroo filed trademark applications to register the mark "Kangaroo Manufacturing" with the U.S. Patent and Trademark Office, not with the 50 state trademark offices.  *See, e.g.,* U.S.P.T.O. Reg. No. 5,132,990, attached to the Arena Second Decl. as Exhibit B.

Kangaroo's online presence is not restricted to its website, where it publishes its catalogue of products, or to Amazon.  Kangaroo also has social media accounts (on websites such as Facebook), where it connects with consumers nationwide.  Kangaroo has been involved in a significant number of litigations (including being a defendant in copyright infringement litigation similar to this litigation) across the country.[1]

Mr. Ligeri apparently bragged about the massive number of Kangaroo products he was selling directly to the public as recently as July 2017.  On the Amazon seller forums posted at Amazon.com, a number of Amazon sellers posted that Kangaroo, and specifically its principal Justin Ligeri, appeared to be creating fraudulent product reviews to boost his sales.  He wrote:

---

[1] *See, e.g., Rubie's Costume Co., Inc., et al. v. Kangaroo Mfg., Inc., et al.*, Civil Action No. 2:16-cv-06517, New York Eastern District Court, filed November 22, 2016; *SRU BigMouth LLC v. Kangaroo Mgf., Inc.*, Civil Action No. 3:17-cv-01297-SRU, Connecticut District Court, filed August 1, 2017; *Online Distribution, Inc. v. Kangaroo Mfg., Inc., et al.*, Civil Action No. 2:17-cv-13002, Michigan Eastern District Court, filed September 12, 2017; *e4Hats.com, Inc. v. Kangaroo Mfg., Inc.*, Civil Action No. 8:17-cv-01387, California Central District Court, filed August 11, 2017; *Great Am. Duck Races, Inc. v. Kangaroo Mfg., Inc., et al.*, Civil Action No. 2:17-cv-00212, Arizona District Court, filed January 23, 2017.

> SELLER SWIMMING POOL FLOATS has so many feedbacks… because at one time he was the biggest Amazon Seller in the world and the Largest Halloween Seller in the history of the INTERNET…. I am the SELLER SWIMMING POOL FLOATS 100% within [terms of service]. Its not Manipulating Rank to give away a new Product at a discount for Marketing – Read the [terms of service]…. I'm the first seller in AMAZON HISTORY to sell over 1 MILLION DOLLARS in A DAY… Another Record I shipped more orders One Day than 2nd & 3rd place combined. My record is 78000 in a day… I have the LARGEST NON CHRISTMAS MONTH in Amazon History – not… with 80000 products that don't sell… I have the largest 14 DAY Pay Drop from Amazon in history 6.5 MILLION DOLLARS

*See* Amazon Forum Post by "Yagoozon" dated July 25, 2017, attached to the Arena Second Decl. as Exhibit C, at 22.

According to these forums, Kangaroo was selling products directly through the Amazon storefronts "Halloween Superstore" and "Swimming Pool Floats" directly to consumers (including in New Jersey) until recently.

Because orders of all Kangaroo products are currently "fulfilled by Amazon," when a New Jersey consumer purchases a Kangaroo product on Amazon, the product is warehoused in New Jersey and shipped to the consumer in New Jersey. The entire transaction takes place in New Jersey. *See* Fulfillment by Amazon – How It Works Printout, attached to the Arena Second Decl. as Exhibit D.

In addition, three news articles from February 2015 to June 2015 claim that Kangaroo was planning to have warehouse facilities in New Jersey, and one news article even states that by June 2015, Kangaroo had warehouse facilities in New Jersey. *See* News Articles attached to the Arena Second Decl. as Exhibit E. Thus, although Mr. Ligeri submitted a declaration stating that "Kangaroo has not sold any *banana costumes* to resellers in the State of New Jersey" (emphasis added), Kangaroo has sold thousands of products online, and the direct sale of *any product* to New Jersey residents is enough to expose Kangaroo to personal jurisdiction in New Jersey. It is

Kangaroo's intent that its products are sold to New Jersey consumers. *See*, *e.g.*, Complaint that Kangaroo filed in United States District Court for the District of Arizona, Case No. 2:17-cv-03104-SPL, filed on September 11, 2017, attached the Arena Second Decl. as Exhibit F, at ¶ 8 ("Kangaroo typically sells its products to resellers, who then sell the goods on Amazon.com."). Kangaroo further states: "Kangaroo has garnered a reputation as a high-volume seller of goods on Amazon.com.  Kangaroo provides resellers… with goods intended for sale on Amazon.com." *Id.* at ¶ 20.

Finally, this entire litigation arises out of Mr. Ligeri's falling out with Rasta Imposta, a New Jersey company.  In a Rhode Island state litigation, a court issued an opinion citing evidence that both Kangaroo and Yagoozon were Mr. Ligeri's alter egos.  *See* Decision of Judge Silverstein, dated December 18, 2017, Rhode Island Superior Court, Case No. PC-2014-2881, attached to the Second Arena Decl. as Exhibit G, at 13 (finding Ligeri is the sole owner and shareholder of Yagoozon, would often forego a salary and paid himself when funds were available, Yagoozon did not have a formal office, and Yagoozon did not hold formal shareholder meetings).[2]  As referenced in Rasta Imposta's initial preliminary injunction brief, Rasta Imposta, a New Jersey company, previously contracted directly with Yagoozon and Mr. Ligeri. Kangaroo's copyright infringement arises out of the demise of that relationship.  Mr. Ligeri decided to copy the costume he previously purchased from Rasta Imposta (a New Jersey company) and challenge Rasta Imposta's intellectual property rights in the costume.  This

---

[2] Rasta Imposta reserves the right to amend its Complaint to assert additional claims and add new parties Ligeri and Yagoozon, Inc.  Through the discovery process, Rasta Imposta intends to propound interrogatories and document requests concerning whether Kangaroo is merely an "alter ego" of Ligeri like Yagoozon, whether there is a commingling of assets, and other key issues that could lead Rasta Imposta to amend it claims.

lawsuit is the direct result of that decision by Mr. Ligeri, and it was entirely foreseeable that this

lawsuit would be filed in New Jersey.

**ARGUMENT**

Kangaroo should be enjoined from selling Kangaroo Item Nos. 10477 and 10478 since

these banana costumes directly infringe Rasta Imposta's valid copyright registration.  As

discussed in Rasta Imposta's initial brief, an overseas Kangaroo vendor (called "AlgaeCal") has

taken Kangaroo's knock-off costume, placed a fake "Rasta Imposta" label on the costume,

advertised the product on Amazon as a "Rasta Imposta" lightweight banana costume, and

shipped the counterfeit costume to New Jersey consumers.  Kangaroo's argument that a banana

costume cannot be protected by copyright registration has been rejected by the U.S. Copyright

Office and the United States Supreme Court.  Rather than overturn the decision of the U.S.

Copyright Office and contravene binding Supreme Court precedent, Rasta Imposta respectfully

submits that the Court should focus on the impact of Kangaroo's actions on the consuming

public and the unusually willful nature of the infringement.  Mr. Ligeri announced his intention

to disregard and profit from Rasta Imposta's intellectual property rights in the costume, and then

did so.

**A.     Kangaroo Is Subject to Personal Jurisdiction in New Jersey**

A district court may exercise personal jurisdiction over a nonresident of the forum to the

extent authorized by the forum state's long-arm statute.  *See Provident Nat'l Bank v. California

Fed. Sav. Loan Ass'n,* 819 F.2d 434, 436 (3d Cir. 1987) (citing Fed. R. Civ. P. 4(e)).  New

Jersey's long-arm statute permits an exercise of jurisdiction to the fullest extent allowed by the

Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See

Nicholas v. Saul Stone & Co., LLC,* 224 F.3d 179, 184 (3d Cir. 2000).  Thus, courts in this state

may exercise personal jurisdiction over nonresident defendants if they have established "certain

7

minimum contacts with [New Jersey] such that the maintenance of the suit does not offend

traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S.

310, 316 (1945) (internal quotation marks omitted).

      Minimum contacts can be established by a showing of either general jurisdiction or

specific jurisdiction. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir.

2009). To establish general jurisdiction, the requisite showing is that the defendant has

"continuous and systematic" contacts with the forum, regardless of whether the contacts are

related to the cause of action. *Id.* (quoting and citing *Helicopteros Nacionales de Colombia, S.A.

v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)); *see also Arlandson v. Hartz

Mountain Corp.*, 792 F. Supp. 2d 691, 697-98 (D.N.J. 2011) (same). Specific jurisdiction can be

established if defendant has "'purposefully directed' his activities at residents of the forum and

the litigation results from alleged injuries that 'arise out of or relate to' those activities."

*Metcalfe*, 566 F.3d at 334 (quoting and citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

466, 105 S. Ct. 2174, 2178, (1985)).

      Until an evidentiary hearing is held, plaintiff "needs only establish a prima facie case of

personal jurisdiction," and is "entitled to have [its] allegations taken as true and all factual

disputes drawn in [its] favor." *Arlandson*, 792 F. Supp. 2d at 697-98; *see also Metcalfe*, 566

F.3d at 336 (3d Cir. 2009) (concluding that plaintiffs "have successfully demonstrated a prima

facie case of personal jurisdiction over [defendant] sufficient to survive the Rule 12(b)(2) motion

to dismiss"); *Sperber v. Elwell*, No. 13-0768, 2013 WL 2934049, at * 3 (D.N.J. June 13, 2013)

("accepting Plaintiff's allegations as true, the Court finds that Plaintiff has sufficiently alleged

the possibility of adequate minimum contacts in connection with this tort so as to support further

jurisdictional discovery"). Ultimately, following jurisdictional discovery, plaintiffs must

"establish jurisdiction by a preponderance of the evidence."  *Id.*

Kangaroo should be subject to personal jurisdiction in New Jersey based on its business model which utilizes the national reach of Amazon in order to sell and distribute its products through resellers.  At the very least, Rasta Imposta has set forth a prima facie case of personal jurisdiction, entitling it to jurisdictional discovery.

> 1.   Rasta Imposta Can Demonstrate Specific Jurisdiction over Kangaroo

Specific jurisdiction exists where "defendant purposefully avails itself of the privilege of conducting activities in the forum State, such that the defendant should reasonably anticipate being haled into court there."  *Sperber*, 2013 WL 2934049, at *2 (D.N.J. June 13, 2013) (citation and quotations omitted).  *See also J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787-88, 180 L. Ed. 2d 765 (2011) ("Where a defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws . . . it submits to the judicial power of an otherwise foreign sovereign to the extent that power is exercised in connection with the defendant's activities touching on the State."); *Simons v. Arcan, Inc.*, No. 12-01493, 2013 WL 1285489, at *3 (E.D. Pa. Mar. 28, 2013) (finding specific jurisdiction and purposeful availment).  The Third Circuit has "emphasized the *intentionality* of the non-resident defendant in targeting the forum."  *Sperber, supra* (emphasis in original).

The Third Circuit employs a three-part inquiry to determine if the defendant has sufficient minimum contacts such that it would satisfy due process under specific jurisdiction: (1) the defendant purposely directed its activities at the forum; (2) the litigation must arise out of or relate to at least one of those activities; and (3) assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice.  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).

As alleged by Rasta Imposta, Kangaroo committed copyright infringement and intentional torts directed at a New Jersey business, the impact of which was felt by Rasta Imposta in New Jersey.  Rasta Imposta has specifically alleged that Kangaroo's CEO, Ligeri, previously conducted business with Rasta Imposta's CEO, Berman, such that Ligeri had notice that he was unlawfully copying a product that is manufactured and sold from a New Jersey business.  Kangaroo has represented consistently in federal court filings that it is a manufacturer, distributor, wholesaler, and creator of products that it disseminates widely on the open market, has a reputation as a high-volume seller of goods on Amazon, and that Kangaroo provides resellers with goods intended for sale on Amazon.  Therefore, Kangaroo intentionally contracted with resellers to distribute the infringing Banana Design costumes nationwide (and to New Jersey) by using Amazon's nationwide marketplace.  Due to the expanded reach that Amazon provides to vendors and resellers, Kangaroo alleges that it made $102,000 in sales of the infringing banana costumes in 2017.

In *Telebrands Corp v. Mopnado*, the defendant intentionally created a business model in which the allegedly infringing product was only sold through Amazon, using a different name as the reseller.  *Telebrands Corp. v. Mopnado*, No. 2:14-07969, 2016 WL 368166, at *7 (D.N.J. Jan. 12, 2016), *report and recommendation adopted*,  2016 WL 355072 (D.N.J. Jan. 28, 2016). The Court found that the defendant's intent was to take advantage of Amazon's national presence (including being able to sell the product in New Jersey), and that by crafting a business model in this manner, the defendant had "purposefully availed itself of the privilege of doing business in New Jersey.  *Id.*  It did not matter that the defendant's name was not listed with the product on Amazon, or that Amazon fulfilled the order and actually shipped the product.

10

Instead, the Court was focused on the intent of the business model and whether the defendant has purposely availed itself of the privilege of doing business in New Jersey – which it had.  *Id.*

Kangaroo has declared in court filings that its business model is to provide products to resellers in order for them to be sold on Amazon.  Kangaroo has also stated that it has a reputation as a high-volume seller of goods on Amazon.  Kangaroo's business model has allowed it to use Amazon to expand its market to the entire United States of America, as well as the world.  "Sellers cannot expect to avail themselves of the benefits of the internet-created world market that they purposefully exploit and profit from without accepting the concomitant legal responsibilities that such an expanded market may bring with it."  *Dedvukaj v. Maloney*, 447 F. Supp. 2d 813, 820 (E.D. Mich. 2006).

For these reasons, and the reasons stated above, Kangaroo is subject to personal jurisdiction in New Jersey.  Kangaroo always intended to profit from sales to New Jersey residents through Amazon, as that was its expressed business model, and Kangaroo has done so.

2.     In the Alternative, Rasta Imposta Requests Jurisdictional Discovery

Even if this Court does not find that Rasta Imposta has established personal jurisdiction at this stage, Rasta Imposta respectfully moves the Court for an order granting Rasta Imposta leave to conduct limited jurisdictional discovery centered on the issue of whether Kangaroo should be subject to the personal jurisdiction of this Court.  "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction… courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'"  *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003).  So long as the plaintiff presents allegations that suggest with "reasonable particularity" the possibility of minimum contacts

11

between the defendant and the forum state, the Court should grant plaintiff jurisdictional discovery. *Id.*

Kangaroo has admitted to $102,000 of sales in the infringing banana costumes in 2017, but Kangaroo has not provided how many of those costumes were shipped to New Jersey residents through its resellers. Kangaroo stated that it does not have any facilities, offices, or employees in New Jersey, but the three news articles attached to the Arena Second Decl. as Exhibit E indicate that Kangaroo was in the process of establishing a facility in New Jersey to ship its products. In addition, Kangaroo has admitted in complaints filed in federal court that it contracts with resellers for the specific intent of distributing products through Amazon. Kangaroo also holds itself out as a "high-volume seller of goods on Amazon" and has previously sold numerous products through Amazon. Finally, there is evidence that Kangaroo and the entity Yagoozon (which previously contracted with Rasta Imposta in New Jersey) are both the alter egos of Mr. Ligeri. Accordingly, Rasta Imposta, at the very least, should be entitled to jurisdictional discovery in order to discover Kangaroo's potential contacts in New Jersey and Kangaroo's overall use of and sales through Amazon.

### B. Rasta Imposta's Motion for a Preliminary Injunction Should Be Granted.

Rasta Imposta is not asserting that it has a right to prevent competitors from manufacturing and selling banana costumes, but Rasta Imposta does have a right to prevent Kangaroo from selling banana costumes that are substantially similar to its copyrighted Banana Design. *See Star Athletica, LLC v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1013 (2017). As a threshold matter, Rasta Imposta is only seeking a preliminary injunction at this stage and never requested a mandatory injunction in its motion papers. Kangaroo mistakenly alleged that Rasta Imposta is seeking a mandatory injunction. *See* Kangaroo Opposition, Doc. 19, PageID # 141.

      1.     <u>Rasta Imposta Established Ownership and Validity of the Copyright
Registration at Issue.</u>

Kangaroo has attempted to rebut the presumption of ownership and validity by arguing:
(1) the Banana Design does not qualify for copyright protection as the entire design is functional
or unoriginal; and (2) the copyright is invalid because all of the design elements are part-and-
parcel the expression of a banana costume.  Crucially, Kangaroo has ignored both the U.S.
Copyright Office's decision that the Banana Design is eligible for copyright protection as well as
the separability test established by the Supreme Court.  Instead of referring to this controlling
precedent, Kangaroo has cherry-picked individual elements of the overall design in an attempt to
distract from the actual legal test that must be employed by this court.

Plaintiff's ownership of the copyright registration for the Banana Design creates a
presumption that the copyright is valid and that the work depicted therein is of copyrightable
authorship.  *Mon Cheri Bridals, Inc., v. Wen Wu*, 383 Fed. Appx. 228, 231 (3d Cir. 2010).  In
granting the registration, the Copyright Office already determined that the work met certain
requirements.  Kangaroo's opposition fails to put forth any argument that rebuts the heavy
burden of Rasta Imposta's presumption of ownership.

In *Star Athletica*, the Supreme Court recently confirmed the broad copyright protection
afforded to products that are worn on the body, but also contain protectable design elements.
Although banana costumes are worn on the body and therefore may qualify as "useful articles,"
they also can have distinctive sculptural features.  The Copyright Act of 1976 provides that
sculptural features of the design of a useful article are eligible for copyright protection if those
features "can be identified separately from, and are capable of existing independently of, the
utilitarian aspects of the article."  *Star Athletica*, 137 S. Ct. at 1004 (quoting The Copyright Act
of 1976, 17 U.S.C. § 101).  The separability requirement is satisfied if the decision maker can

examine the useful article and identify a feature that "(1) can be perceived as a two or three dimensional work of art separate from the useful article, and (2) would qualify as a protectable pictorial, graphic or sculptural work – either on its own or fixed in some other tangible medium of expression – if it were imagined separately from the useful article into which it is incorporated." *Id*.

When applying the Supreme Court separability test to the case at hand, it is evident that the unique features on the Banana Design (the overall shape and cut-out holes of the costume, the black ends of the banana, the vertical lines running down the middle of the banana) could be removed and displayed elsewhere. There is no reason the Banana Design's unique design elements could not be applied to a two-dimensional painter's canvas, made into a three-dimensional item like a piñata, a clay sculpture or a paperweight.

Rasta Imposta has also obtained the parties' respective costumes through Amazon and the costumes themselves are virtually indistinguishable. When the costumes are viewed side by side, a consumer cannot tell them apart without looking at the tags, and it is evident that the Kangaroo products are copies.

Kangaroo claims that Rasta Imposta's "arrangement and execution" of the design elements in the Banana Design "are not original, but are necessary to manifest the idea of wearable body suit which resembles a ripe, unpeeled banana, for which there are few, if any, other means of expression." Kangaroo's Opposition at PageID # 135. This argument is directly refuted by the 21 banana costume designs attached to the Arena Decl. as Exhibit A. The Banana Design is the only costume with that unique cut and proportionality (which Kangaroo has copied). The Banana Design would be easily differentiated from the other costumes in Exhibit A if all of the bananas were reduced to a two-dimensional work of art.

14

In addition, Rasta Imposta owns two banana costume registrations: one for its Peeled Banana Costume and one for the Banana Design.  In reviewing the Peeled Banana Costume application, the Copyright Office also engaged in a back-and-forth with Rasta Imposta over whether its Peeled Banana Costume was copyrightable and determined that:

> Upon further review, although this work, a costume, is considered a useful article, we have determined that it meets the requirement of physical separability, by being representation of a peeled banana, and believe that it can stand alone as a sculptural work of art that would support a copyright registration under the standards set forth in Feist Publications v. Rural Telephone Service Co., 499 U.S. 340 (1991).

*See* January 12, 2011 Letter from Copyright Office, Ex. C to Arena Decl.  Although the "Peeled Banana Costume" is not at issue in this proceeding, there is no reason that the Copyright Office's conclusion would not also apply to Rasta Imposta's Banana Design.  Therefore, Kangaroo's position that a banana costume is not eligible for copyright protection is simply wrong.  Although Kangaroo cites older cases from other jurisdictions for the proposition that "costumes are useful articles," those cases have already been considered by the U.S. Copyright Office's examining attorneys, who decided to **grant** Rasta Imposta's applications despite those cases.

Kangaroo's reliance on the doctrine of merger is misplaced.  Merger is "a point when an author's expression becomes indistinguishable from the idea he seeks to convey, such that the two merge."  *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 209 (3d Cir. 2005).  Merger is "rare," and the Third Circuit "has **never** found an instance in which a completely aesthetic expression merged into an idea."  *Id.* (emphasis added).  Here, there is no possibility that merger has occurred, as Rasta Imposta has not attempted to claim a monopoly on all banana costumes, but rather, it is the specific expression of an idea and creativity contained in the Banana Design that Rasta Imposta seeks to protect through its copyright registration.  *Id.* (finding that merger helps prevent a copyright owner from acquiring a monopoly on the idea itself).  As stated above,

Rasta Imposta has no issue with the expression of creativity in the 21 banana costumes attached to the Arena Decl. as Exhibit A.

The doctrine of scènes a faire is also inapplicable.  That doctrine applies in the context of literary works, films, games, and other works of art that contain "incidents, characters, or settings" which are customary and expected to be used with a given subject.  *See Jackson v. Booker*, 465 F. App'x 163, 168 (3d Cir. 2012).  Quite simply, the doctrine cannot be applied to a banana costume, and even if it could, the Supreme Court's decision in *Star Athletica* rejects the manner in which Kangaroo seeks to use it.  If the scènes a faire doctrine were applicable to cheerleading costumes in *Star Athletica*, then the Court would have denied copyright protection for the lines, chevrons, and colorful shapes that appeared on the cheerleading uniforms because they would merely be design elements that are common or customary for cheerleading uniforms. The Supreme Court did the opposite and specifically held that the arrangement of the lines, chevrons, and colorful shapes were eligible for copyright protection.  *Star Athletica*, 137 S. Ct. at 1012-13.  Similarly, the shape and proportionality, the cutout holes, the vertical lines running down the middle, the placement of the dark ends of the banana, and the manner in which the costume is worn on the body are all eligible for copyright protection in the Banana Design.

As set forth in Rasta Imposta's initial memorandum of law, courts consistently held that costume designs were protectable and issued preliminary injunctions in similar cases – meaning Kangaroo's arguments about the functionality of costumes should simply be disregarded as misleading and incorrect.  *See New Line Cinema Corp. v. Easter Unlimited, Inc*., 17 U.S.P.Q.2d 1631, 1989 WL 248212, at *4 (E.D.N.Y. 1989) (granting preliminary injunction where defendant unsuccessfully argued its "Freddy Krueger" costume was sufficiently dissimilar); *Brown v. It's Entertainment, Inc.*, 34 F.Supp.2d 854, 857-58 49 U.S.P.Q.2d 1939 (E.D.N.Y. 1999) (granting

16

preliminary injunction where photograph of infringing costume was substantially similar to photograph of "Arthur" character); *National Theme Productions, Inc., v. Jerry B. Beck, Inc.*, 696 F.Supp. 1348, 1356 (S.D.Cal. 1988) (granting permanent injunction prohibiting infringing "Rabbit in Hat" "Tigress" "Magic Dragon" and "Pampered Pup" costumes where "[t]he overall impression is of the exact same costume"); *Lyons Partnership, L.P. v. D&L Amusement & Entertainment, Inc*., 702 F.Supp.2d 104, 118 (E.D.N.Y. 2010) (granting permanent injunction to prohibit defendants from continuing to infringe plaintiff's copyrighted Barney costumes).

Rasta Imposta is not asserting that it has a right to prevent competitors to manufacture and sell banana costumes, but Rasta Imposta does have a right to prevent competitors from selling banana costumes that are substantially similar to its copyrighted Banana Design. *See Star Athletica*, 137 S. Ct. at 1013. Here, Kangaroo's conduct should be enjoined because Kangaroo has created an exact copy of the work that incorporates all of the same design elements, for the purpose of taking sales from Rasta Imposta.

2. <u>Rasta Imposta Established Copying Due to Kangaroo's Access to the Banana Design and the Overwhelming "Substantial Similarity" between the Products</u>

Copying may be shown through either direct or circumstantial evidence. *Franklin Mint Corp. v. National Wildlife Art Exchange, Inc.*, 575 F.2d 62, 64 (3d Cir. 1978); *see also Fyk v. McCall Patterson Co.*, No. 94-2358, 31 U.S.P.Q.2d 1155, 1994 WL 139414, at *2 (E.D.Pa. Apr. 19, 1994). In this case, it is undisputed that Rasta Imposta's Banana Design was known to Kangaroo and Ligeri prior to Kangaroo's copying of the above costume, as Ligeri previously purchased thousands of the costumes from Rasta Imposta through his prior company Yagoozon. Proof of access requires only an opportunity to view or to copy plaintiff's copyrighted work. *See Ford Motor Co. v. Summit Motor Products, Inc.,* 930 F.2d 277, 294 (3d Cir. 1991) (proof of access established by the appearance of the protected image in national advertisements).

As to the second element, the costumes are virtually identical. *See* Complaint ¶ 9. Although Kangaroo argues there are some differences between the costumes themselves, Rasta Imposta has identified no such differences and does not know what Kangaroo is referencing here. Third party vendors are using the costumes interchangeably and shipping Kangaroo's product to a consumer that orders Rasta Imposta's product. The products also look nearly identical when displayed to consumers online, and this is how consumers order Kangaroo's costumes from Amazon. Kangaroo has even mimicked Rasta Imposta's approach to marketing the costume, displaying the costume on a man wearing long black pants, a black shirt, and black dress shoes. *See id.* For the foregoing reasons, Rasta Imposta has demonstrated a case for equitable relief based on the substantial similarity of the works, and the Court may infer copying.

Courts have established the following grounds for finding irreparable harm: loss of control of reputation, loss of trade, and loss of good will. *Telebrands Corp. v. Newmetro Design, LLC*, No. CV 16-1981 (WHW-CLW), 2016 WL 8999932, at *17 (D.N.J. Nov. 10, 2016) (Walls, J.) (internal quotation omitted). In this case, Rasta Imposta has demonstrated all of the factors for irreparable injury. Since Kangaroo is selling knock-off banana costumes to consumers through the same channel as Rasta Imposta, there is a loss of control of reputation. Even more flagrant, a Kangaroo vendor is engaging in counterfeiting by advertising Rasta Imposta's banana costumes for sale on Amazon and instead shipping Kangaroo's inferior products to unwitting consumers. Rasta Imposta is unable to control or monitor the quality of Kangaroo's Items No. 10477 and 10478, the materials from which they are made, and the manner that they are being presented to consumers. Moreover, consumers who are used to going to Amazon and other online retail outlets to purchase their Rasta Imposta banana costumes are now likely to purchase Kangaroo's costumes instead, without realizing that the products are not affiliated with Rasta

18

Imposta.  As a direct result, Rasta Imposta is incurring a loss of trade and loss of good will.  Finally, since Kangaroo plans to continue its conduct, the threat of future infringement is clear.

For the foregoing reasons, Rasta Imposta has demonstrated a case for equitable relief and requests that Kangaroo be enjoined from manufacturing, selling, distributing, offering for sale, advertising, marketing and/or promoting any design confusingly or substantially similar to Rasta Imposta's Banana Design, specifically including the knock-off Items No. 10477 and 10478 identified in Rasta Imposta's Complaint.

**C.      Rasta Imposta's Complaint States Facially Plausible Claims for Relief.**

Kangaroo's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is an unfortunate waste of time and resources.  Kangaroo has ignored the heavy burden that it cannot possibly overcome at this stage.  When evaluating a Rule 12(b)(6) motion to dismiss, "the Court accepts as true all of the factual allegations contained in the complaint and any reasonable inferences that can be drawn therefrom."  *Land v. Helmer*, 843 F. Supp. 2d 547, 550 (D.N.J. 2012).  The complaint must set forth sufficient factual matter to show that each claim is facially plausible.  *Id.*

1.      Rasta Imposta Sufficiently Pled a Claim for Copyright
Infringement

To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work.  *See Mon Cheri Bridals, Inc., v. Wen Wu*, 383 Fed. Appx. 228, 2010 WL 2222497, at *1 (3d Cir. 2010) (quoting *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005)).

"The introduction of a certificate of registration from the Copyright Office is prima facie evidence of validity."  *Mon Cheri Bridals,* 383 Fed. Appx. at 231 ("[P]ossession of a registration certificate creates a rebuttable presumption that the work in question is copyrightable.").  Here, Rasta Imposta alleged in its Complaint that it owns a copyright registration with the U.S.

Copyright Office for its Banana Design, Registration No. VA 1-707-439, issued March 26, 2010. *See* Complaint ¶ 3.

Because "it is rarely possible to prove copying through direct evidence... copying may be proved inferentially by showing that the defendant had access to the allegedly infringed copyrighted work and that the allegedly infringing work is substantially similar to the copyrighted work." *Whelan Associates,* 797 F.2d 1222, 1231-32 (3d Cir. 1986).  Rasta Imposta alleged that Ligeri, Kangaroo's CEO, is familiar with Rasta Imposta's Banana Design and previously purchased thousands of banana costumes from Rasta Imposta.  *See* Complaint ¶ 31. On or about September 25, 2017, Rasta Imposta discovered that Kangaroo had copied the Banana Design and was offering Kangaroo Items Nos. 10477 and 10478 for sale.  *Id.* at ¶ 9. Paragraph 9 of Rasta Imposta's Complaint also depicts the following side-by-side comparison.



As set forth in the Complaint, the "Kangaroo costumes have the exact same shape and cutout holes as the Banana Design, the ends of the banana are placed similarly, the vertical lines running down the middle of the bananas are the same, and the one-piece costumes are worn on the body the same way as the Banana Design."  *Id.* at ¶ 36.

6547346 v2

Accordingly, accepting all of the factual allegations in the Complaint as true, and all reasonable inferences that can be drawn therefrom, Rasta Imposta has successfully pled a claim for copyright infringement against Kangaroo.  Kangaroo's additional arguments that the Banana Design is not entitled to copyright protection should be rejected for the reasons set forth *supra* in Argument Section A(1)-(2).

2.     <u>Rasta Imposta Successfully Pled Claims for Trade Dress Infringement and Unfair Competition</u>

To state a valid claim for trade dress infringement under federal law, a plaintiff must plead: (1) the design is inherently distinctive or has acquired secondary meaning; and (2) consumers are likely to confuse the source of the plaintiff's products with that of the defendant's product.  *Profoot Inc. v. MSD Consumer Care, Inc*., No. 11-7079, 2012 WL 1231984, at *3 (D.N.J. Apr. 12, 2012) (*citing McNeil Nutritionals, LLC, v. Heartland Sweeteners, LLC*, 511 F.3d 350, 257 (3d Cir. 2007)).  Secondary meaning "is established through extensive advertising which creates in the mind of consumers an association between the mark and the provider of the services advertised under the mark."  *Id*. at *3 (internal quotation omitted).  A likelihood of confusion has been found to exist where "the consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.,* 237 F.3d 198, 211 (3d Cir. 2000) (internal quotation omitted). "Where the trademark owner and the alleged infringer deal in competing goods and services, the court need rarely look beyond the mark itself."  *Interpace Corp. v. Lapp, Inc*., 721 F.2d 460, 462 (3d Cir. 2000).

Rasta Imposta alleged, *inter alia*, the following in its Complaint:

- The appearance and trade dress of Rasta Imposta's distinctive Banana Design is identified by a combination of arbitrary and distinct visual elements which make up its overall appearance, design, and trade dress, including, but not limited to the cutout holes

in the Banana Design, its bright yellow color with dark tips at the ends, the lines running down the sides, and the Banana Design's placement of the banana ends.  *Id.* at ¶ 27.

- Due to Rasta Imposta's manufacture and advertisement of the Banana Design between 2001 and the present, the Banana Design has become recognizable as a unique banana costume design throughout the United States.  *Id.* at ¶ 29.

- The Banana Design is inherently distinctive and has acquired distinctiveness through secondary meaning.  *Id.* at ¶ 54.

- The Banana Design is non-functional with a protectable overall appearance.  *Id.* at ¶ 55.

- Kangaroo's imitation of the Banana Design is likely to cause consumer confusion in consumer's minds as to the source of the product.  *Id.* at ¶ 56.

- Consumers are likely to see Kangaroo's infringing designs and associate those designs with Rasta Imposta, or to see both parties' designs, which are substantially similar, and assume those designs are created and manufactured by the same company.  *Id.* at ¶ 57.

Accepting all of these factual allegations as true and drawing all reasonable inferences therefrom, it is evident that Rasta Imposta has sufficiently pled a claim for trade dress infringement.  Kangaroo argues that the banana costume is not protectable and is purely functional.  These arguments are unsupported by binding case law as set forth in Legal Argument Section A(1), *supra*.

The factors to be considered in order to state a claim for unfair competition under 15 U.S.C. § 1125(a) of the Lanham Act are the same as those for trade dress infringement.  *See A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2010).  As set forth above, Rasta Imposta alleged that its distinctive Banana Design has acquired secondary meaning in the marketplace.  Further, Rasta Imposta has alleged that Kangaroo has increased the likelihood of confusion resulting from its knock-off products by advertising these products in a misleading manner by choosing to dress its costume models the same as Rasta Imposta's models. *See* Complaint at ¶ 66.  Rasta Imposta alleged that Kangaroo's wrongful conduct arises directly out of its advertising activities, and Kangaroo's conduct is likely to cause consumer confusion as

to the source of the products offered by Kangaroo.  *Id.* at ¶¶ 65 and 67.  Accordingly, Rasta Imposta has pled sufficient factual allegations to support a claim for federal and common law unfair competition.

## **CONCLUSION**

For the foregoing reasons, plaintiff Rasta Imposta respectfully requests that this Court grant it motion for a preliminary injunction and order that Kangaroo and its officers, agents, servants, and employees, and any of its affiliated entities, be preliminarily enjoined from manufacturing, selling, distributing, offering for sale, advertising, marketing and/or promoting any design confusingly or substantially similar to Rasta Imposta's Banana Design, specifically including the knock-off Items No. 10477 and 10478 identified in Rasta Imposta's Complaint. Rasta Imposta also requests that the Court deny Kangaroo's cross motion to dismiss in its entirety.

Respectfully submitted,

Dated: January 10, 2018

Alexis Arena, Esq.
Eric R. Clendening, Esq.
1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 661-1900
Fax:  (856) 661-1919
alexis.arena@flastergreenberg.com
eric.clendening@flastergreenberg.com
*Attorneys for Plaintiffs*

23