UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SILVERTOP ASSOCIATES, INC.
d/b/a RASTA IMPOSTA,

                Plaintiff,        Civil Action No.
                                      1:17-cv-07919-NLH-KMW

vs.

KANGAROO MANUFACTURING, INC., :

                Defendant.

DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANT'S
CROSS-MOTION TO DISMISS THE COMPLAINT

                                                  David A. Schrader
                                                  A. Jonathan Trafimow
                                                  MORITT HOCK & HAMROFF LLP
                                                  Attorneys for Defendant
                                                  1407 Broadway, 39th Fl.
                                                  New York, New York 10018
                                                  (212) 239-2000

# TABLE OF AUTHORITIES

**Cases**
*Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985)
  (rev'd on other grounds) .................................................................................. 6

*Ackourey v. Sonellas Custom Tailors*,
  573 Fed. Appx. 208, 2014 U.S. App. LEXIS 14468 (3d Cir. July 29, 2014) ................ 5

*Banzai, Inc, v. Broder Bros., Co.*, 2009 WL 1285518 (E.D.Pa. May 7, 2009) ................ 8

*Billco Int'l, Inc. v. Charles Prods., Inc.*, 776 F. Supp. 2d 105 (D. Md. 2011) ................ 9

*Boisson v. Banian, Ltd.*, 273 F.3d 262 (2d Cir. 2000) .................................................. 8

*Bridgeport Music v. Agarita Music*, 182 F. Supp.2d 653 (M.D. Tenn. 2002) ................ 4

*Chosun International v. Chrisha Creations, Ltd.*, 413 F.3d 324 (2d Cir. 2005) ............ 7

*Durham Indus. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980) ................................ 7

*Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340 (1991) ......... 7-8

*Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419 (5th Cir. 2005) ............................ 5

*Goodyear Dunlop Tire Operations, S.A. v. Brown*, 565 U.S. 915 (2011) .................... 4

*Gourmet Video, Inc. v. Alpha Blue Archives, Inc.*,
  Civ. Action No. 08-2158 (MLC), 208 U.S. Dist. LEXIS 87645 (D.N.J. Oct. 29, 2008) ............ 4

*Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*,
  864 F. Sup.2d 316 (E.D. Pa. 2012) ................................................................... 9-10

*Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408 (1984) .................... 2

*Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.*, 509 F.2d 64 (2d Cir. 1974) ........ 9

*IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254 (3d Cir. 1998) ......................................... 2

*J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011) ............................................. 3

*Jolly v. Coughlin*, 76 F.3d 468 (2d Cir. 1996) ................................................................ 5

*Jumpp v. Jerkins*, Civ. No. 08-6268 (RBK/KMW),
  2010 U.S. Dist. LEXIS 68059 (D.N. J. July 7, 2010) ............................................... 3

*Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841 (5th Cir.),
  *cert. denied*, 531 U.S. 979 (2000) ..................................................................................5

*Kepner-Tregoe, Inc. v. Tracy Learning, Inc.*,
  Civ. Action No. 3:08-cv-1627-FLW,
  2009 U.S. Dist. LEXIS 6371 (D.N.J. Jan. 29, 2009) ..................................................5

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841 (9th Cir., 2012) .................8

*L.A. T-Shirt & Print, Inc. v. Rue 21, Inc.*, No. 16-CV-5400 (RA),
  2017 U.S. Dist. LEXIS 131845 (S.D.N.Y. Aug. 17, 2017) ........................................8

*Mar v. Liquid Management Partners, LLC*,
  62 A.D.3d 762, 880 N.Y.S.2d 647 (2d Dept. 2009) ..................................................9

*Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663 (3rd Cir. 1990) ....... 6-7

*Merrill Lynch, Pierce, Feriner & Smith, Inc. v. E.F. Hutton & Co.*,
  403 F. Supp. 336 (E.D. Mich. 1975) .........................................................................9

*Patent Incentives, Inc. v. Seiko Epson Corp.*,
  Civ. Action No. 88-1407, 1988 U.S. Dist. LEXIS 9933 (D.N.J. Sept. 6, 1988) .........4

*Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002 (2017) ............................7

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir. 1984) ..........2

*Tom Doherty Assocs. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995) ...................6

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003) .................................5

*Whelan Assocs., Inc. v. Jaslow Dental Laboratory, Inc.*,
  797 F.2d 1222 (3d Cir. 1986) ....................................................................................7

*WindSoft, Inc. v. Intercon Sys.*, Civ. Action No. 95-1858,
  1995 U.S. Dist. LEXIS 21294 *12 (D.N.J. Sept. 27, 1995) ......................................7

*Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.*, 376 F.2d 543 (3rd Cir. 1967) ......5

*Yamate USA Corp. v. Sugerman*, Civ. Action No. 89-763,
  1991 U.S. Dist. LEXIS 20701 (D.N.J. Mar. 5, 1991) ................................................7

## Statutes and Other Authorities

17 U.S.C. §101 ..............................................................................................................7

17 U.S.C. § 102(a) .........................................................................................................7
37 C.F.R. §202.1(a) .......................................................................................................8

Registrability of Costume Designs, 56 Fed. Reg. 56530 (Nov. 5, 1991) ......................7

This reply memorandum of law is submitted on behalf of defendant Kangaroo Manufacturing, Inc. ("Kangaroo") in further support of defendant's cross-motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(2) and 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff's Opposition papers ("Pl. Opp.") emphasizes the possibility that it might be able to prove personal jurisdiction but declines to forthrightly admit that it has failed to proffer competent evidence to date that would establish such jurisdiction. Rather, Plaintiff asks the Court for jurisdictional discovery but fails to withdraw its motion for a preliminary injunction until personal jurisdiction is established. As set forth below, Plaintiff has not, *and cannot,* establish personal jurisdiction, and the case should be dismissed for that reason alone.

Assuming, *arguendo,* personal jurisdiction exists, Plaintiff places great weight on the fact that the Copyright Office issued it a copyright, but gives short shrift to the critical issue before the Court on the merits of this case: whether there is anything of sufficient originality about its banana costume that warrants copyright protection. Paragraph 36 of the Complaint is the key. It essentially seeks copyright protection for aspects of a banana costume that mimic a banana in nature. Under settled principles of copyright law, such a costume is not entitled to copyright protection as a matter of law. See *Star Athletica, LLC v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1013 (2017). Finally, even if jurisdiction was present and the Complaint did state a claim, the allegations are factually without merit and plaintiff virtually concedes that there is no irreparable injury.

1

## LEGAL ARGUMENT

I.  **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(2) IN THAT DEFENDANT KANGAROO IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEW JERSEY**

As set forth in defendant's initial brief, plaintiff's Complaint should be dismissed for lack of personal jurisdiction. On its motion, Kangaroo submitted the Declaration of Justin Ligeri (the "Ligeri Decl.") establishing that Kangaroo did not have minimum contacts with the State of New Jersey and therefore there is neither specific nor general jurisdiction over it.

Plaintiff's opposition papers have failed to establish that the subject matter of this case relates to events in New Jersey or that Kangaroo has substantial contacts with the State of New Jersey. Having no evidence of any such contacts with New Jersey, plaintiff has misconstrued pleadings from court proceedings in other jurisdictions and has submitted non-evidentiary hearsay blog posts. Such evidence fails to satisfy plaintiff's burden.

The law is clear that "the plaintiff bears the burden of proving that personal jurisdiction is proper" and that in response to a motion to dismiss on jurisdictional grounds, the plaintiff must satisfy its burden through "sworn affidavits or other competent evidence"--not through mere allegations. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998); *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Plaintiff has failed to submit competent evidence that shows either specific jurisdictional elements or systemic and continuous activities by Kangaroo in the State of New Jersey to establish general jurisdiction. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 411 (1984).

As set forth in the Ligeri Decl., Kangaroo has established that it is a Florida corporation with its principal place of business in Tempe, Arizona. Kangaroo is a wholesaler, and does not sell its products directly to the public but instead sells its products to retailers who then sell the

2

products through various retail channels. Kangaroo has also not sold the banana costume to any reseller in the State of New Jersey. Kangaroo has no interest in, and does not control, any reseller that may have sold its product in New Jersey. Kangaroo does not control when, where or to whom its products are sold by the resellers. Although Kangaroo does maintain a copy of its catalog on its website, kangaroomfg.com, this website is "passive" in that it does not allow prospective customers to purchase products directly from the website.

Recognizing its inability to show factual proofs in support of jurisdiction, plaintiff has submitted hearsay documents such as blogs; as well as foreign jurisdiction court pleadings regarding Kangaroo's products being sold on Amazon. Plaintiff erroneously argues that the resale of products on Amazon by a reseller de facto creates jurisdiction in every state over Kangaroo, including New Jersey. Aside from the argument being legally fallacious, the foreign court pleadings submitted with Alexis Arena's Declaration ("Arena Dec.") fail to rebut Mr. Ligeri's Declaration and do not establish direct sales by Kangaroo into the State of New Jersey. If anything, these pleadings show that litigation involving Kangaroo has been brought in other locations in which jurisdiction is proper. Plaintiff's attempt to rely upon unsubstantiated Amazon blog posts fails to meet plaintiff's jurisdictional burden, as such blog posts are clearly hearsay evidence and are not competent to establish jurisdiction. With regard to Kangaroo's purported New Jersey warehouse location, the hearsay article cited is erroneous and no such location was ever established. Plaintiff has provided no admissible evidence that a New Jersey warehouse was ever established.

As addressed in Kangaroo's opening brief, Kangaroo's sale of product to a reseller--who then sold a costume to a consumer in New Jersey--is inadequate to confer jurisdiction. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011); *Jumpp v. Jerkins*, Civ. No. 08-6268

(RBK/KMW), 2010 U.S. Dist. LEXIS 68059 (D.N. J. July 7, 2010); *Patent Incentives, Inc. v. Seiko Epson Corp.*, Civ. Action No. 88-1407, 1988 U.S. Dist. LEXIS 9933 (D.N.J. Sept. 6, 1988); *Bridgeport Music v. Agarita Music*, 182 F. Supp.2d 653 (M.D. Tenn. 2002).

Similarly, the fact that Kangaroo displayed a picture of its allegedly infringing banana costume in its catalog contained on a passive website is also insufficient to give rise to jurisdiction over Kangaroo in New Jersey. *See Ackourey v. Sonellas Custom Tailors*, 573 Fed. Appx. 208, 2014 U.S. App. LEXIS 14468 (3d Cir. July 29, 2014); *Kepner-Tregoe, Inc. v. Tracy Learning, Inc.*, Civ. Action No. 3:08-cv-1627-FLW, 2009 U.S. Dist. LEXIS 6371 (D.N.J. Jan. 29, 2009); *Gourmet Video, Inc. v. Alpha Blue Archives, Inc.*, Civ. Action No. 08-2158 (MLC), 2008 U.S. Dist. LEXIS 87645 (D.N.J. Oct. 29, 2008).

Plaintiff's submission also fails to show that Kangaroo has "systematic and continuous" contacts with the State of New Jersey. To establish general jurisdiction, plaintiff must offer competent evidence that Kangaroo's affiliations with New Jersey "are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 565 U.S. 915, 919 (2011). *See also Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016).

Since Kangaroo is not incorporated in New Jersey, does not have its principal place of business in New Jersey and does not have other "systematic and continuous" contacts with the State of New Jersey sufficient to render it "at home" in New Jersey, it is not subject to general personal jurisdiction in New Jersey. This case must therefore be dismissed for lack of personal jurisdiction and the Court need not reach other issues on these motions.

## II. JURISDICTIONAL DISCOVERY SHOULD BE DENIED

For the court to grant jurisdictional discovery, a plaintiff must make "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (*quoting Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3rd Cir. 2003)). When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir.), *cert. denied*, 531 U.S. 979 (2000) (citation omitted). In *Kelly*, the court upheld a denial of jurisdictional discovery because there was a failure to specify what specific facts discovery would uncover and how those facts would support personal jurisdiction. Id. at 855-56. Plaintiff has failed to make an adequate showing to obtain jurisdictional discovery and the application should be denied.

## III. PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE DENIED

As a threshold matter, the failure to establish personal jurisdiction would preclude the issuance of a preliminary injunction. *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.*, 376 F.2d 543 (3rd Cir. 1967). To the extent that the Court grants plaintiff's request for jurisdictional discovery, such is an implicit recognition that plaintiff has failed to satisfy its required showing of personal jurisdiction. Such failure requires a *de facto* denial of any application for a preliminary injunction (even separate from the merits of the case).

Regardless, even as to the merits, the plaintiff has failed to meet its burden for a mandatory preliminary injunction. Contrary to plaintiff's contention, the preliminary injunction sought in this case is a mandatory injunction seeking the ultimate relief requested should it win the case-- enjoining the manufacture and sale of banana costumes by defendant. In the case of a mandatory injunction, rather than a mere "likelihood of success" on the merits, the movant must establish a clear and substantial likelihood of success on the merits." Id. citing *Jolly v. Coughlin*,

5

76 F.3d 468, 473 (2d Cir. 1996) (emphasis added). With regard to irreparable harm, a mandatory injunction will issue only where extreme or very serious damage will result from a denial of preliminary relief. *Tom Doherty Assoc. v. Saban Ent., Inc.*, 60 F.3d 27, 34 (2d Cir. 1995)(*citing Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985) (rev'd on other grounds). Plaintiff has failed to satisfy these burdens.

### A. Plaintiff Has Failed to Show a Likelihood of Success on the Merits

Plaintiff's argument for the protection of its banana costume glosses over two important points. First, the fact that a copyright certificate has been issued only creates a rebuttable presumption of entitlement to copyright protection that "merely orders the burdens of proof":

> The principle that a certificate represents prima facie evidence of copyright validity has been established in a long line of court decisions and is a sound one. It is true that, unlike a patent claim, a claim to copyright is not examined for basic validity before a certificate is issued. On the other hand, endowing a copyright claimant who has obtained a certificate with a rebuttable presumption of the validity of the copyright does not deprive the defendant in an infringement suit of any rights; it merely orders the burdens of proof. The plaintiff should not ordinarily be forced in the first instance to prove all of the multitude of facts that underlie the validity of the copyright unless the defendant, by effectively challenging them, shifts the burden of doing so to the plaintiff.

*Masquerade Novelty, Inc. v. Unique Indus.*, 912 F.2d 663, 667, 669) (3d Cir. 1990), quoting H.R. Rep. No. 1476, 94th Cong., 2d Sess. 157, *reprinted in* 1976 U.S. Code. Cong. & Ad. News 5659, at 5773. The presumption of validity created by a copyright certificate "is not an insurmountable one, and merely shifts to the defendant the burden to prove the invalidity of plaintiff's copyrights." *Masquerade*, 912 F.2d at 668. Where "the issue is whether the particular articles with certain undisputed characteristics are copyrightable, the defendant need not

6

introduce evidence but instead must show that the Copyright Office erroneously applied the copyright laws in registering plaintiff's articles."[1] *Id.*, 912 F.2d at 669.

Second, a copyright cannot validly be sustained on plaintiff's banana costume. Costumes, as articles of clothing, are generally treated as useful articles not eligible for copyright protection. *Star Athletica,* 137 S. Ct. at 1013; *Chosun International v. Chrisha Creations, Ltd.*, 413 F.3d 324 (2d Cir. 2005). Design elements of costumes have been afforded protection **only** where the elements are found to constitute a "separable pictorial or sculptural authorship [supporting] copyright protection." *See, e,g, Registrability of Costume Designs*, 56 Fed. Reg. 56530, 55632 (Nov. 5, 1991). In contrast, the Copyright Act does not protect design features which are merely utilitarian aspects of the useful article. *See U.S.C.* §101. As a matter of law, "cutout holes" for arms, legs, and faces incorporated into wearable costumes are utilitarian aspect of a useful article, clothing, and thus are cannot be protected through copyright. *Whelan Assocs., Inc. v. Jaslow Dental Laboratory, Inc.*, 797 F.2d 1222, 1236 (3d Cir. 1986). The various elements of plaintiff's costume are not protectable under these settled principles.

The Copyright Act provides that copyright protection subsists in original works of authorship fixed in any tangible medium of expression. 17 U.S.C. § 102(a). "The *sine qua non* of copyright is originality." *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 346, 111 S.Ct. 1282 (1991). In the context of copyright, original "means only that the work was independently created by the author ... and that it possess at least some minimal degree of

---

[1] *Accord WindSoft, Inc. v. Intercon Sys.*, Civ. Action No. 95-1858, 1995 U.S. Dist. LEXIS 21294 *12 (D.N.J. Sept. 27, 1995) (stating that "the allegation of ownership in a work for hire creates a rebuttable presumption of ownership, but a court is free to consider challenges to the factual underpinnings of the copyright asserted"); *Yamate USA Corp. v. Sugerman*, Civ. Action No. 89-763, 1991 U.S. Dist. LEXIS 20701**15-16 (D.N.J. Mar. 5, 1991) (stating that "a certificate of registration creates no irrebuttable presumption of validity," and "Where other evidence in the record casts doubt on the question, validity will not will not be assumed"), *quoting Durham Indus. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980). In short, the mere fact that a copyright certificate has been issued is rebuttable if the plaintiff's work should not qualify for copyright protection as a matter of law. *See Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663, 667, 669 (3rd Cir. 1990).

7

creativity." *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 345, 111 S.Ct. 1282 (1991). As a specific application of this principle, generally, as a matter of law, color is not protected by copyright. 37 C.F.R. §202.1(a) ("coloring" is not subject to copyright protection). *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 851 (9th Cir. 2012) ("variations of color are not copyrightable"); *Boisson v. Banian, Ltd.*, 273 F.3d 262, 271 (2d Cir. 2000).

Here, the Complaint does not allege, and Plaintiff's Opp. does not contend, anything about plaintiff's banana costume that is original as a matter of law. See Complaint, ¶ 36 and Opp. Mem. at 20 ("The Kangaroo costumes have the exact same shape and cutout holes as the Banana Design, the ends of the banana are placed similarly, the vertical lines running down the middle of the bananas are the same, and the one-piece costumes are worn on the body the same way as the Banana Design.") Taking the Complaint allegations in turn: the "shape" of both costumes is banana-shaped; the "cutout holes" are functionally where they need to be; the "ends of the banana" are placed at the ends as in nature; the "vertical lines" mimic the vertical lines of a banana and "the one-piece costumes" are work on the body and as functional considerations require.

Case law supports Kangaroo's position on these issues. There is nothing original about making a banana yellow or the ends of a banana black, or placing the ends of a banana costume at the ends, or giving it vertical black lines, as this is exactly how a ripe banana appears in nature. *See, e.g., Banzai, Inc, v. Broder Bros., Co.*, 2009 WL 1285518 at *3 (E.D.Pa. May 7, 2009) (dismissing complaint for copyright infringement because the use of predictable colors "does not satisfy the minimum creativity necessary to establish a valid copyright.").

Most importantly, depictions of nature are not copyright protectable. See *L.A. T-Shirt & Print, Inc. v. Rue 21, Inc.* No. 16-CV-5400 (RA), 2017 U.S. Dist. LEXIS 131845 at *16-17,

(S.D.N.Y. Aug. 17, 2017) (copyright does not protect depictions of animals that are dictated by the animal's anatomy or physiology but may protect original expressions of the animal's appearance); *Billco Int'l, Inc. v. Charles Prods., Inc.*, 776 F. Supp. 2d 105, 114 (D. Md. 2011) ("[W]hen works contain realistic depictions of animals or other naturally occurring items, the scope of the copyright protection for the work may be limited because the features and behavior of animals in nature are part of the public domain."). In *Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.*, 509 F.2d 64 (2d Cir. 1974) (per curiam), the Second Circuit held that a pin in the shape of a turtle with jewels placed along its spine was not copyrightable, as "the idea of placing jewels on the back of the carapace" was "rather obvious" and "merely conforms to the normal shape of the turtle's back and the pattern of its vertebrae segments." *Id.* at 66." It is clear as a matter of law that the banana costume is a depiction of an actual banana that does not contain separable and original artistic expression. The cases relied upon by the plaintiff in its opposition brief are all cases involving artistic expression in design—are simply and obviously distinguishable and inapplicable to the case at hand.

### B.  Plaintiff Has Failed to Show Irreparable Injury

Plaintiff does not seriously dispute that it has failed to establish irreparable injury. There is a clear availability of money damages in the event that plaintiff is successful in its case. Where a party "can be fully compensated by a monetary award, the court will not find irreparable injury. *Mar v. Liquid Management Partners, LLC*, 62 A.D.3d 762, 762, 880 N.Y.S.2d 647, 648 (2d Dept. 2009). A mere loss of profits or relative deterioration of competitive position is inadequate for preliminary injunction. *Merrill Lynch, Pierce, Feriner & Smith, Inc. v. E.F. Hutton & Co.*, 403 F. Supp. 336, 343 (E.D. Mich. 1975). Where the injury to plaintiff by reason of plaintiff's alleged copyright infringement can be remedied by money damages, a preliminary injunction will not issue. *See Grant Heilman Photography, Inc. v. John*

9

*Wiley & Sons, Inc.*, 864 F. Sup.2d 316, 329 (E.D. Pa. 2012) (where publisher allegedly violated photographer's copyright by publishing book containing photograph in excess of license, damages can be calculated by reference to photographer's licensing framework, and photographer's request for a preliminary injunction was denied).

## CONCLUSION

For the reasons set forth above, defendant Kangaroo respectfully requests that the Court (a) dismiss this action for lack of jurisdiction under FRCP 12(b))2); (b) dismiss the Complaint in entirety for failure to state a cause of action pursuant to FRCP 12(b)(6); (c) deny plaintiff's request for a preliminary injunction; and (d) alternatively, require the plaintiff to post an injunction bond in the amount of $300,000 if such a mandatory injunction were issued; and (e) such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 22, 2018

                                        MORITT HOCK & HAMROFF LLP
                                        Attorneys for Defendant

                                        By:_____
                                            David A. Schrader (DS-1765)
                                              A. Jonathan Trafimow
                                        1407 Broadway, 39th Fl.
                                        New York, New York 10018
                                        (212) 239-2000
                                        dschrader@moritthock.com