

**David A. Schrader**
Partner
NY & NJ Bars
Direct Dial: (212) 239-7276
Email: dschrader@moritthock.com

March 2, 2018

**VIA ECF**
The Honorable Noel L. Hillman
United States District Court, D.N.J
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

Re:  *Silvertop Assoc., Inc. v. Kangaroo Manufacturing, Inc.*
      **Case No. 1:17-cv-07919-NLH-KMW**

Dear Judge Hillman:

Although Plaintiff has elected to devote its entire post-trial memorandum to personal jurisdictional issues, Defendant believes that the more productive use of the Court's time is to focus on the merits. Defendant firmly believes there is no jurisdictional nexus with the State of New Jersey. Nevertheless, based upon a concern about rising legal costs in this proceeding (including costs that might be incurred in jurisdictional discovery) and that even if Defendant is successful at defeating jurisdiction Plaintiff will refile the same case in an appropriate jurisdiction, Defendant has decided to withdraw its jurisdictional objection and will consent to personal jurisdiction in this proceeding. On the merits, the evidence adduced in this case cannot be clearer that an injunction should be denied, and that Defendant's motion to dismiss the complaint should be granted (along with a ruling from the Court regarding the invalidity of Plaintiff's copyright certificate). Defendant should also be awarded its attorney's fees and costs.

Plaintiff has not seriously disputed the legal principles that control the merits of this case. First, notwithstanding the issuance of a certificate by the Copyright Office, "whether a work is 'subject to copyright protection is a matter of law for the Court.'" *Banzai, Inc. v. Broder Bros.*, 2009 U.S. Dist. LEXIS 39257 (E.D. Pa. May 8, 2009) (internal cit. om.).[1] Second, copyright protection "extends only to the particular expression of an idea and never to the idea itself." *L.A. T-Shirt & Print, Inc. v. Rue 21, Inc.*, 2017 U.S. Dist. LEXIS 131845 (S.D.N.Y. Aug. 17, 2017) at *13-14; see 17 U.S.C. §102(b).[2] Third, a "useful article" such as

---

[1] "A claim to copyright is not examined for basic validity before a certification is issued." *Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663, 667 (3rd Cir. 1990).

[2] Thus, for example, the *idea* to use a banana as the basis for a Halloween costume is not protectable. *Compare Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.*, 446 F.2d 738, 742 (2d Cir. 1971) ("A jeweled bee pin is therefore an 'idea' that defendants were free to copy.") The Second Circuit confirmed that "[w]hen the 'idea' and its 'expression' are thus inseparable, copying the 'expression' will not be barred, since protecting the

**Moritt Hock & Hamroff LLP**
ATTORNEYS AT LAW

The Honorable Noel L. Hillman
United States District Court, D.N.J
March 2, 2018
Page 2

clothing may not be copyrighted. *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S.Ct. 1002, 1006 (2017). Rather, copyright protection extends "only if, and only to the extent that, such design [of a useful article] incorporates pictorial, graphic, or sculptural features that can be identified separately from and are capable of existing independently of, the utilitarian aspects of the article. *Id.* The allegedly copyrightable feature must "be identified separately from" the useful article and be "capable of existing independently of[] the utilitarian aspects of the article."[3] *Id.* (*quoting* 17 U.S.C. §101). Moreover, "[t]he *sine qua non* of copyright is originality." *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 346, 111 S.Ct. 1282 (1991).

Here, Robert Berman's testimony is fatal to Plaintiff's claims that its banana costume may be copyrighted. Mr. Berman conceded that the costume "looks like a banana... yes." (1/25/18 Tr. at 62.) Mr. Berman acknowledged that Plaintiff's costume does not have any special or artistic design on the banana costume itself. (1/25/18 Tr. at 63.) Both the costume and a real banana are curved and yellow (1/25/18 Tr. at 63.) Both the costume and a real banana contain a black tip on top and bottom (1/25/18 Tr. at 63.) The costume and a real banana (shown to Mr. Berman on cross-examination) "appear similarly colored." (1/25/18 Tr. at 64.) While the shading of the costume is "a slight shade off," both the costume and a real banana are yellow (1/25/18 Tr. at 64.) Mr. Berman acknowledged that both Kangaroo's costume and Rasta Imposta's costume "look like a real banana."[4] (1/25/18 Tr. at 64.) Plaintiff's counsel argues that Defendant should be required to create a banana costume that is truly different, but where Plaintiff's costume mimics a banana in nature, this argument fails as a matter of law.

---

'expression' in such circumstances would confer a monopoly of the 'idea' upon the copyright owner free of the conditions and limitations imposed by the patent law." *Id.*

[3] It does not matter how the article was designed. *Star Athletica*, 137 S.Ct.at 1011 ("[O]ur inquiry is limited to how the article and feature are perceived, not how or why they were designed.")

[4] In this regard, it is significant that, according to the Complaint, the allegedly infringing aspects of Defendant's costume either mirror the appearance of a banana in nature or are required to function as clothing: "The Kangaroo costumes have the exact same shape and cutout holes as the Banana Design, the ends of the banana are placed similarly, the vertical lines running down the middle of the bananas are the same, and the one-piece costumes are worn on the body the same way as the Banana Design." (Complaint, ¶ 36.) These elements of a costume are utilitarian and are not protectable under the copyright laws. The Copyright Act does not protect design features which are merely utilitarian aspects of the useful article. *See U.S.C.* §101. As a matter of law, "cutout holes" for arms, legs, and faces incorporated into wearable costumes are utilitarian aspect of a useful article, clothing, and thus are cannot be protected through copyright. *Whelan Assocs., Inc. v. Jaslow Dental Laboratory, Inc.*, 797 F.2d 1222, 1236 (3d Cir. 1986).

**Moritt Hock & Hamroff LLP**
ATTORNEYS AT LAW

The Honorable Noel L. Hillman
United States District Court, D.N.J
March 2, 2018
Page 3

      Numerous lower court decisions confirm Defendant's reading of *Star Athletica*. In *L.A. T-Shirt & Print, Inc.*, the court cited several decisions for the basic proposition that "copyright protection does not extend to elements of pictorial, graphic, or sculptural works that do no more than depict an animal's natural appearance." *L.A. T-Shirt & Print, Inc.*, 2017 U.S. Dist. LEXIS 131845 at *14-15 (collecting cases). Here, Plaintiff's costume merely mimics a banana in nature.[5]

      The facts of this case are close to those of several cases already brought to the Court's attention. In *Billco Int'l, Inc. v. Charles Prods.*, 776 F.Supp. 2d 105, 114 (D. Md. 2011), the court explained that while a "realistic sculpture" could be copyrightable if it "represent[ed] the author's creative work... direct copies or casts of animals are not." Here, as noted, Mr. Berman essentially admits that Plaintiff's costume is a direct copy of a banana, with the same curvature, same top and bottom, similar color and same black lines. (1/25/18 Tr. at 62-64)

      Perhaps the most factually analogous case is from a district court within the Third Circuit--*Banzai, Inc., supra*. In that case, the plaintiff registered copyrights in two tie-dye designs and were issued certificates of registration. As in this case, Defendant asserted that the Plaintiff's works were not sufficiently creative to obtain copyright protection. The Plaintiff's argument for creativity rested on its "'original selection of colors and their arrangement' in the spiral design." *Banzai, Inc.*, 2009 U.S. Dist. LEXIS 39257, at *6-7. The court rejected these arguments. First, the court explained, "color by itself is not subject to copyright protection." *Id.* at *7 (intern. cit. om.) Second, "[n]either of [the Plaintiff's] selections shows a modicum of creativity." *Id.* Certainly, it follows from Mr. Berman's testimony that Plaintiff's costume here fails to show a modicum of creativity. In *Banzai, Inc.*, the court found that "[p]laintiff's claim, based upon its selection of two or three commonly-combined colors in what it admits is an otherwise unprotectable design, is objectively unreasonable and frivolous" and awarded the defendant costs and fees even in the absence of any indication that the plaintiff "acted with improper motivation." Because this case is similar to *Banzai, Inc.* in all material respects, Defendant submits that the Court should apply it here, deny Plaintiff's motion, dismiss its Complaint, and award Defendant its attorney's fees and costs.

                                       Respectfully Submitted,

                                       s/David A. Schrader
                                       David A. Schrader

cc:    Alexis Arena, Esq. (via email)

---

[5] *See also Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.*, 509 F.2d 64, 65 (2d Cir. 1974) ("since all turtles are created more or less along the same lines, appellant cannot, by obtaining a copyright upon one design of a turtle pin, exclude all others from manufacturing gold turtle pins on the ground that they are substantially similar in appearance.")

1386879v2