

1835 Market Street,
Suite 1050
Philadelphia, PA  19103
(215) 279-9393
Fax: (215) 279-9394
www.flastergreenberg.com

**ALEXIS ARENA, ESQUIRE**
Direct Dial:  (215) 279-9908
E-Mail:  alexis.arena@flastergreenberg.com

March 8, 2018

<u>*VIA ELECTRONIC FILING*</u>
Hon. Noel L. Hillman
District of New Jersey - Camden
Mitchell H. Cohen Courthouse, Room 6030
1 John F. Gerry Plaza
4th & Cooper Sts.
Camden, NJ 08101

  Re: *Silvertop Associates, Inc. d/b/a Rasta Imposta v. Kangaroo Manufacturing, Inc.*

Dear Judge Hillman:

  In its letter brief, Defendant withdraws its motion to dismiss based on lack of personal jurisdiction and fails to inform the Court of whether Defendant is shipping its products directly to New Jersey warehouses, as promised.  (2/13/18 Tr. at 44:23-25) ("COURT: [O]ne question I have, is Kangaroo shipping product to warehouses in New Jersey? MR. SCHRADER: And we will answer that in the reply.")  Although Defendant complains of rising legal costs, Plaintiff submits that Defendant's motion to dismiss should never have been filed in the first instance.  The filing of the motion has resulted in unnecessary legal fees for Plaintiff, delay, and wasted judicial resources.

  Defendant requested that these proceedings be delayed not only due to its now-withdrawn motion, but Defendant's desire to give Mr. Ligeri another opportunity to appear in Court.  (1/25/18 Tr. at 110).  Mr. Ligeri then failed to appear, depriving Plaintiff of an opportunity to cross-examine Mr. Ligeri as to the truth of the facts set forth in his December 21, 2017 Declaration.  (Doc. 21).  Several of Mr. Ligeri's statements appear to contradict the evidence in the record.  For example, Mr. Ligeri's statement that "Kangaroo does not control when, where or to whom its products are sold by the resellers."  (*Id*. at ¶ 5).  Kangaroo appears to exercise such control through Amazon.  (Doc. 33-5).  Ligeri attested that "Kangaroo does not advertise in the State of New Jersey" (Doc. 21 at ¶ 12).  Rasta Imposta submitted evidence of direct advertising by Kangaroo in the State of New Jersey, including email advertising to a New Jersey retail store.  (Doc. 33-2).

  Finally, Ligeri attested "[a]lthough plaintiff contends that Kangaroo copied its banana costume design, this allegation is false.  The design is based on the functional needs of a costume along with the depiction of an actual banana." (Doc. 21, ¶ 17).  Rasta Imposta submitted the parties' banana costumes into evidence, showing that the "lightweight" and "deluxe" copies of the costumes are virtually indistinguishable from Rasta Imposta's.  The similarity is not mere coincidence, particularly given that Mr. Ligeri previously purchased thousands of Rasta Imposta's costumes, questioned the copyright in the costumes, threatened to destroy Rasta Imposta's business, and started manufacturing the infringing costumes shortly thereafter.  Mr. Ligeri's statement is not credible.

The Honorable Noel L. Hillman
March 8, 2018
Page 2

Defendant has failed to carry its burden of rebutting the presumption of copyrightability afforded by Plaintiff's copyright registration. As set forth in Plaintiff's Motion for Preliminary Injunction (Doc. 10-1, at 15), the copyright registration serves as *prima facie* evidence of validity and creates a "rebuttable presumption that the work in question is copyrightable." *Id*. In support of its opposition, Defendant produced no witnesses. The only documents Defendant submitted into evidence were Plaintiff's exhibits, which were helpful to Plaintiff. Defendant's failure to produce any witnesses or evidence (although Defendant was given ample opportunity to do so), necessitates that Defendant has failed to meet its burden.

Defendant appears to suggest that there is no presumption that Rasta Imposta's banana costume is copyrightable, stating that "notwithstanding the issuance of a certificate by the Copyright Office," "[a] claim to copyright is not examined for basic validity before a certification is issued." (Doc. 34, at 1, n.1 (*quoting Masquerade*)). That suggestion is incorrect. When a copyright application is filed, the Copyright Office is required to examine whether the material submitted is, in fact, copyrightable. *See* 17 U.S.C. 410(a) and (b).[1] *See also Masquerade Novelty, Inc., v. Unique Indus., Inc.,* 912 F.2d 663, 667 (3d Cir. 1990) (Defendant "must show that the Copyright Office erroneously applied the copyright laws in registering plaintiff's articles.") The phrase Defendant quotes in *Masquerade* appears to address the fact that the Copyright Office accepts the factual statements of the owner as true for the purpose of assessing the application, not that the Copyright Office does not examine whether the work is copyrightable before the work registers.

In *Masquerade*, the Third Circuit reversed the district court's decision that animal nose masks were not copyrightable, because they looked like animal noses. The Third Circuit essentially rejected the argument that Defendant asserts today. The Third Circuit explained:

> By holding that Masquerade's nose masks are copyrightable, we do not intimate that it has the exclusive right to make nose masks representing pig, elephant and parrot noses. *Cf. Bleistein v. Donaldson Lithographing Co.*, 188 U.S. 239, 249, 23 S.Ct. 298, 299, 47 L.Ed. 460 (1903) ("But even if [a poster is] drawn from ... life, that fact would not deprive [it] of protection.... Others are free to copy the original. They are not free to copy the copy.")

*Masquerade,* 912 F.2d at 671. As Rasta Imposta has repeatedly made clear, Rasta Imposta is not asserting copyright protection in the "idea" of a banana costume. Defendant is free to copy a banana in creating a costume, but Defendant is not free to copy Rasta Imposta's own work. Defendant appears to suggest that if a copyrighted work is based on (or "looks like") an item found in nature, it cannot be afforded copyright protection, but that is not the law.

If Rasta Imposta were asserting copyright protection in a cast of an actual banana, then Defendant's argument might be persuasive, but it takes a creative leap to go from the actual fruit to the Rasta Imposta costume. This is evident from the various dissimilar banana costumes that exist in

---

[1] Section 401 reads: "(a) When, after examination, the Register of Copyrights determines that [] the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met, the Register shall register the claim."
"(b) In any case in which the Register of Copyrights determines that [] the material deposited does not constitute copyrightable subject matter or that the claim is invalid for any other reason, the Register shall refuse registration and shall notify the applicant in writing of the reasons for such refusal."

The Honorable Noel L. Hillman
March 8, 2018
Page 3

the marketplace. (Doc. 10-3). If there were no modicum of creativity involved, as Defendant suggests, then all of these different banana costumes would not exist.

Likewise, if Rasta Imposta were filing a lawsuit against a defendant based only upon the existence of arm holes, then Defendant's argument as to the utilitarian function of arm holes would be persuasive. But here, Defendant has copied the exact costume design, which is entirely unique to Plaintiff's costume. As Mr. Berman testified:

> Q. [D]o you view your fabric design for your banana costume as unique?
> A. Yes…we made that pattern.
> Q. And how did you make that pattern?
> A. Our process is that we look at items and we put them on the body and we figure out where the arm holes should be, and it's a process that we review and review and review until we get the shape and the style that we want, because what makes our banana better than other people's banana [] pattern is that we put [in] that time and energy to make the costume, a costume that is good.
> Q. When you created this costume in 2001, was there anything else like it in the marketplace?
> A. No.
> Q. Were you aware of any other banana costumes?
> A. I think there was a mascot or something, but nothing that sold for 10 bucks wholesale, no, no…

(1/25/18 Tr. at 91:18-92:12).

> Q. [I]n the other banana costumes in the market right now, are there different ways that the arms and the face come out of the costume, if they do at all?
> A. Yes.
> Q. Can you think of any other banana costume on the market that has this same pattern that is not either licensed from you or Kangaroo?
> A. No.

(1/25/18 Tr. At 108:11-21).

Mr. Ligeri, Defendant's CEO, acknowledged the creativity inherent in Rasta Imposta's costume when he decided to purchase thousands of the costumes from Rasta Imposta. Mr. Ligeri further acknowledged how good Rasta Imposta's costume design was when he decided to create his own, nearly-identical, version. In doing so, he took advantage of the time, energy, and creativity that Rasta Imposta had already invested in creating the product. Mr. Ligeri was free to create a banana costume, but he was not free to copy Rasta Imposta's design, which he knew was already protected by a copyright registration. Defendant made the decision to copy a costume that was already registered with the Copyright Office, and to take advantage of the work that Rasta Imposta had already done, for its own commercial gain.

For the reasons set forth above, and in Plaintiff's preliminary injunction briefing, a preliminary injunction should issue.

The Honorable Noel L. Hillman
March 8, 2018
Page 4

                                                         Respectfully submitted,

                                                         Alexis Arena

cc:  All counsel of record (via electronic filing)

6623993 v1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SILVERTOP ASSOCIATES, INC., D/B/A RASTA IMPOSTA,<br><br>Plaintiff,<br><br>vs.<br><br>KANGAROO MANUFACTURING, INC.,<br><br>Defendant. | Civil Action No.<br>1:17-cv-07919-NLH-KMW |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2018, I electronically filed the foregoing reply letter brief, with the Clerk of Court using the ECF System which electronically served a copy of the same on counsel for Defendant.

                                    /s/ *Alexis Arena*
                                    Alexis Arena, Esq.
                                    FLASTER/GREENBERG P.C.
                                    1835 Market Street, Suite 1050
                                    Philadelphia, PA  19103

                                    *Attorneys for Plaintiff*

Dated: March 8, 2018

6569294 v1