## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SILVERTOP ASSOCIATES, INC., D/B/A RASTA IMPOSTA,<br><br>        Plaintiff,<br><br>  vs.<br><br>KANGAROO MANUFACTURING, INC.,<br><br>        Defendant. | Civil Action No.<br>1:17-cv-07919-NLH-KMW<br><br><br>**MOTION DAY: JUNE 3, 2019** |

---

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EMERGENT MOTION FOR SANCTIONS AND TO HOLD DEFENDANT IN CIVIL CONTEMPT FOR VIOLATING THE PRELIMINARY INJUNCTION ORDER

---

                      By:  */s/Alexis Arena*
                            Alexis Arena, Esq.
                            Eric R. Clendening, Esq.
                            FLASTER/GREENBERG P.C.
                            Commerce Center
                            1810 Chapel Avenue West
Dated:  April 29, 2019          Cherry Hill, NJ 08002-4609
                            *Attorneys for Plaintiff*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ............................................................................................... 1

PRELIMINARY STATEMENT ................................................................................... 3

FACTS ........................................................................................................................... 5

    A.    **Procedural History** ......................................................................................... 5

    B.    **Kangaroo Violated the Preliminary Injunction Order** ................................ 6

LEGAL ARGUMENT .................................................................................................. 8

    A.    **The District Court Retains Jurisdiction over the Existing Injunction and Has Authority to Hold Kangaroo in Contempt of the Preliminary Injunction Order.** ................................................................................................................ 8

    B.    **This Court Should Hold Kangaroo in Civil Contempt of the Preliminary Injunction Order Because Kangaroo Knew the Injunction Had Been Issued and Violated the Terms of the Injunction.** ..................................................... 9

        1.    **The Preliminary Injunction Opinion and Order Entered by this Court Constitutes a Valid Court Order.** ....................................................... 9

        2.    **Kangaroo Had Knowledge of the Preliminary Injunction Order.** ............. 10

        3.    **Kangaroo and Mr. Ligeri Violated the Terms of the Preliminary Injunction Order by Advertising, Marketing, and Promoting the Infringing Banana Costumes and Selling the Infringing Banana with Sunglasses on Amazon** ................................................................... 10

    C.    **Kangaroo Should Be Sanctioned and Held in Civil Contempt of the Preliminary Injunction Order** ..................................................................... 12

CONCLUSION ........................................................................................................... 13

7226109 v1

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Desai v. Doctor's Assocs. Inc.*,
   No. CIV. 08-3363 (WJM), 2008 WL 4661625 (D.N.J. Oct. 20, 2008).
   Moreover, the Preliminary Injunction Order ...................................................................9, 10

*Essex Cty. Jail Annex Inmates v. Treffinger*,
   18 F. Supp. 2d 445 (D.N.J. 1998) ..........................................................................................6

*Halderman v. Pennhurst State School & Hosp.*,
   49 F.3d 939 (3d Cir.1995) ....................................................................................................10

*Harris v. City of Philadelphia*,
   47 F.3d 1342 (3d Cir.1995) ....................................................................................................7

*John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit*,
   318 F.3d 545 (3d Cir. 2003) .............................................................................................7, 10

*New Jersey Sports Prods., Inc. v. Don King Prods., Inc.*,
   15 F. Supp. 2d. 546 (D.N.J. 1998) ................................................................................2, 6, 7

*New Jersey v. Gloucester Envtl. Mgmt. Servs., Inc.*,
   591 F. Supp. 2d 744 (D.N.J. 2008) ........................................................................................6

*RoadTechs, Inc. v. MJ Highway Tech., Ltd.*,
   83 F.Supp.2d 677 (E.D. Va. 2000) ........................................................................................7

*Robin Woods Inc. v. Woods*,
   28 F.3d 396 (3d Cir. 1994) ..................................................................................................10

**FEDERAL STATUTES**

18 U.S.C. § 401(3) ........................................................................................................................6

**RULES**

Fed.R.Civ.P. 65(d) .........................................................................................................................2

Fed. R. Civ. P. 65(d)(2) .................................................................................................................9

Rule 65(d)(2)(B) ............................................................................................................................9

Rule 65(d)(2)(B) and (C) ...............................................................................................................2

7226109 v1

**PRELIMINARY STATEMENT**

Defendant Kangaroo Manufacturing, Inc. ("Kangaroo") and its president, Justin Ligeri, have violated the Court's preliminary injunction order ("Preliminary Injunction Order") in multiple ways by advertising, promoting, and selling infringing banana costumes. On May 29, 2018, the Court issued the Opinion and Order that prohibited Kangaroo from "manufacturing, ordering, offering for sale, advertising, marketing, promoting, selling, and distributing Plaintiff's Banana Design (and any substantially similar banana costume)." *See* Opinion, ECF No. 36, at 6; Order, ECF No. 37. Plaintiff Silvertop Associates, Inc. d/b/a Rasta Imposta ("Rasta Imposta") discovered recently that Kangaroo is still advertising and promoting the infringing banana costumes that were the subject of the preliminary injunction motion and order (the "Infringing Banana"), and its President, Justin Ligeri, is selling the old inventory of infringing banana costumes with sunglasses sewn over the face hole (the "Infringing Banana with Sunglasses") on Amazon, allegedly through his company "KBrands."

The Court issued a preliminary injunction after extensive briefing and two evidentiary hearings on this issue, preparing a lengthy opinion to accompany the order. Rasta Imposta posted a $100,000 security bond to maintain the injunction. The purpose of the order and bond was to maintain the *status quo*, but Kangaroo has again changed the *status quo*, while the preliminary injunction is in place. Now, Kangaroo submits that its clear violation of the Preliminary Injunction Order should not be addressed until after the Third Circuit Court of Appeals affirms or denies the underlying injunction. *See* Kangaroo's April 24th Letter, ECF No. 48, at 2. This would undermine the entire purpose of the preliminary injunction and bond, which was to maintain the status quo (with the bond protecting Kangaroo), while the appeal and litigation is pending.

The Court, which deposited Rasta Imposta's bond, unquestionably has jurisdiction to enforce, modify and clarify the injunction. As set forth in *New Jersey Sports Prods., Inc. v. Don King Prods., Inc.*, 15 F. Supp. 2d. 546 (D.N.J. 1998):

> The Court . . . retains jurisdiction to modify and clarify the existing injunction. The Court must be able to protect the *res* over which it has control even though [the defendant] has filed a notice of appeal. To allow a defendant to bring an appeal and then flout with impunity the purposes of the injunction by exploiting a potential ambiguity in the Order would make a mockery of the judicial process.

*Id.* at 551. Federal Rule of Civil Procedure 65(d) also clarifies that the order automatically binds not only the parties, but also those with actual notice of the order, including "the parties' officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation with [them]." Rule 65(d)(2)(B) and (C).

In this case, Kangaroo's actions appear to mock the judicial process. Kangaroo argues that the infringing costumes are now sufficiently disguised because they are being sold with sunglasses. Kangaroo argues that it is not violating the injunction, because although the product is being advertised on its website and in its catalogs, it is not being sold. Kangaroo argues that there is a new entity selling the product, raising the question of whether Mr. Ligeri just created a new entity to sell off the infringing items for the purpose of making this argument. It is unexplained how the infringing product was allegedly transferred from Kangaroo to KBrands, and why the infringing product is still being advertised by Kangaroo. This appears to be a clear violation of the injunction under Rule 65(d)(2)(B) and (C), which prohibits Mr. Ligeri and KBrands from selling product, along with Kangaroo.

The Court granted Rasta Imposta's request for relief due to the high likelihood of success on the merits and the clear showing of irreparable harm. Kangaroo, Mr. Ligeri, and K Brands (to the extent it exists as a separate entity) have willfully violated the Preliminary Injunction Order. Rasta Imposta respectfully requests that the Court hold Kangaroo and Mr. Ligeri in civil

contempt and issue sanctions that would make Rasta Imposta whole as a result of these violations of the order, including reasonable attorney's fees and expenses.

## FACTS

### A. Procedural History

This case arose after Rasta Imposta discovered that Justin Ligeri (a former customer) had copied Rasta Imposta's copyrighted banana design and was offering for sale the Infringing Banana costumes through his new company, Kangaroo. *See* Item Nos. 10477 and 10478, pictured below alongside Rasta Imposta's copyrighted design:



Rasta Imposta filed its complaint against Kangaroo on October 5, 2017. *See* Complaint, ECF No. 1. Rasta Imposta immediately informed Kangaroo that it intended to file a motion for a temporary restraining order and preliminary injunction, requesting that the Court preliminarily enjoin Kangaroo from manufacturing, selling, distributing, offering for sale, advertising, marketing, and/or promoting any design confusingly or substantially similar to Rasta Imposta's copyrighted costumes. *See* Stipulation of Standstill Period, ECF No. 7-2, at 2. The parties agreed to a standstill period to discuss an amicable resolution to the matter prior to December 1,

5

2017, during which time, Kangaroo's infringement ceased and the parties discussed settlement. *Id.* The stipulation further provided that if the parties could not reach a resolution by December 1, 2017, Rasta Imposta would file its motion for a preliminary injunction. *Id.* at 3. The parties failed to reach a resolution, and Rasta Imposta filed a Motion for a Preliminary Injunction on December 1, 2017. *See* ECF No. 10.

After extensive briefing of the issues, and two evidentiary hearings, the Court granted Rasta Imposta's Motion for a Preliminary Injunction on May 29, 2018. *See* Opinion, ECF No. 36; Order, ECF No. 37. In the Opinion, Your Honor stated that the relief requested by Rasta Imposta in the motion for a preliminary injunction was "to maintain the status quo established by the October 19, 2017 Stipulation of Standstill, which provided that Kangaroo would 'cease manufacturing, ordering, offering for sale, advertising, marketing, promoting, selling, and distributing Plaintiff's Banana Design (and any substantially similar banana costume)...'" *See* Opinion, ECF No. 36, at 6. Your Honor granted this request for relief in granting Rasta Imposta's Motion for a Preliminary Injunction. *See* Opinion, ECF No. 36, at 2, 28, and 34; Order, ECF No. 37. As required by the terms of the Preliminary Injunction Order, Rasta Imposta posted a $100,000 security bond with the Clerk of Court in order to maintain the injunction. *See* Clerk's Certificate of Cash Deposit, ECF No. 43. On June 7, 2018, Kangaroo filed a Notice of Interlocutory Appeal to the Third Circuit as to the Opinion and Order on the Motion for Preliminary Injunction. *See* ECF No. 39.

### B. Kangaroo Violated the Preliminary Injunction Order

Recently, Rasta Imposta learned that Kangaroo is selling its old infringing inventory of banana costumes under the name "K Brand." *See* Declaration of Robert Berman ("Berman Decl.") at ¶ 2 at Exhibit A, and pictures below:

6



Unable to sell the costumes on Amazon due to the preliminary injunction order (which is being enforced by Amazon), Kangaroo appears to have sewn sunglasses on top of Kangaroo's old inventory of infringing banana costumes. *See id.* at ¶ 3, and Exhibit A thereto.

When confronted about this apparent contempt of the Preliminary Injunction Order on April 22, 2019, Kangaroo responded that "K Brands" was a separate company and therefore was not subject to the preliminary injunction. *See* Declaration of Alexis Arena ("Arena Decl." at ¶ 3), and April 22, 2019 Email from Kangaroo's Counsel, Exhibit A thereto. Kangaroo acknowledged, however, that both Kangaroo and "K Brands" are entities affiliated with Justin Ligeri.[1] *Id.* Kangaroo further stated, "Kangaroo is also not selling any banana costumes." *Id.*

---

[1] This litigation arises from a personal dispute between Justin Ligeri and Rasta Imposta. Although discovery has not yet been taken in this case, courts in other actions have found that Ligeri and the company he owns, Kangaroo, are alter egos. "K Brands" may be another alter ego of Ligeri's.

7

Subsequently, Rasta Imposta learned that contrary to Kangaroo's counsel's statements, the infringing "K Brands" banana costumes **are** being featured on Kangaroo's website and in its product catalogs. *See* Berman Decl. ¶ 4; and Exhibit B thereto. Contrary to Kangaroo's statement that it is not selling banana costumes, the infringing products **are** apparently being sold by Kangaroo. *Id.* at ¶ 5; and Exhibit C thereto (revealing the KBrands banana costume available on Amazon has a Kangaroo label sewn into the costume). In addition, Rasta Imposta learned that Kangaroo is still advertising the old infringing banana costumes on its website. *Id.* at ¶ 6, and Exhibit D thereto.

## LEGAL ARGUMENT

**A.   The District Court Retains Jurisdiction over the Existing Injunction and Has Authority to Hold Kangaroo in Contempt of the Preliminary Injunction Order.**

The District Court has both statutory and inherent authority to enforce the Preliminary Injunction Order through a contempt proceeding. A district court has the "inherent power to enforce compliance with its lawful orders through civil contempt." *Essex Cty. Jail Annex Inmates v. Treffinger*, 18 F. Supp. 2d 445, 451 (D.N.J. 1998) (internal citations omitted). The power to hold a party in civil contempt is codified in 18 U.S.C. § 401, which provides that "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." *See* 18 U.S.C. § 401(3).

Moreover, a district court retains authority over an existing injunction even when a party has appealed the order. *See New Jersey Sports Prods., Inc. v. Don King Prods., Inc.*, 15 F. Supp. 2d 546, 551 (D.N.J. 1998) (holding the district court retains jurisdiction over protecting, modifying, or enforcing an existing injunction even though a party had filed a notice of appeal); *New Jersey v. Gloucester Envtl. Mgmt. Servs., Inc.*, 591 F. Supp. 2d 744, 752 (D.N.J. 2008)

8

(holding that district courts have inherent jurisdiction to protect and enforce their orders and judgments and citing *New Jersey Sports Prods., Inc*, 15 F. Supp. 2d at 550); *RoadTechs, Inc. v. MJ Highway Tech., Ltd.,* 83 F.Supp.2d 677, 685 (E.D. Va. 2000) (finding that "[i]t has long been recognized that federal courts have inherent jurisdiction to protect and enforce their orders and judgments").

Accordingly, this Court has inherent and statutory authority to protect and enforce the Preliminary Injunction Order through a contempt proceeding. It is inconsequential that Kangaroo appealed the order because to allow a party to appeal an injunction order "and then flout with impunity the purposes of the injunction by exploiting a potential ambiguity in the Order would make a mockery of the judicial process." *See New Jersey Sports Prods., Inc*, 15 F. Supp. 2d at 551 (internal citation omitted).

### B. This Court Should Hold Kangaroo in Civil Contempt of the Preliminary Injunction Order Because Kangaroo Knew the Injunction Had Been Issued and Violated the Terms of the Injunction.

A plaintiff moving to hold a defendant in civil contempt of an order must prove that: (1) a valid court order existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order." *See John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (quoting *Harris v. City of Philadelphia,* 47 F.3d 1342, 1326 (3d Cir.1995)). These three elements must be proven by "clear and convincing" evidence. *Id.*

#### 1. The Preliminary Injunction Opinion and Order Entered by this Court Constitutes a Valid Court Order.

On May 29, 2018, this Court granted Plaintiff's Motion for a Preliminary Injunction (ECF No. 10) and entered an Opinion (ECF No. 36) and Order (ECF No. 37) on the docket on May 30, 2018. In the Opinion, Your Honor stated that the relief requested by Rasta Imposta in the Motion for a Preliminary Injunction was "to maintain the status quo established by the

9

October 19, 2017 Stipulation of Standstill, which provided that Kangaroo would 'cease manufacturing, ordering, offering for sale, advertising, marketing, promoting, selling, and distributing Plaintiff's Banana Design (and any substantially similar banana costume)…'" *See* Opinion, ECF No. 36, at 6.  Your Honor granted this request for relief in granting Rasta Imposta's Motion for a Preliminary Injunction.  *See* Opinion, ECF No. 36, at 2, 28, and 34; Order, ECF No. 37, at 2.  Moreover, as required by the terms of the Preliminary Injunction Order, Rasta Imposta posted a $100,000 security bond with the Clerk of Court in order to maintain the injunction.  *See* Clerk's Certificate of Cash Deposit, ECF No. 43.  Accordingly, the Preliminary Injunction Order constitutes a valid order.

## 2. Kangaroo Had Knowledge of the Preliminary Injunction Order.

It is undisputed that Kangaroo had knowledge of the Preliminary Injunction Order.  First, the Opinion and Order were entered on the Court's ECF system, which automatically notifies the parties by e-mail.  *See* ECF No. 36 and 37.  Second, Kangaroo signed a consent order on June 7, 2018, acknowledging that "after a hearing by the Court, by Decision and Order dated May 29, 2018, this Court entered an Order granting a preliminary injunction in favor of the Plaintiff and against the Defendant."  *See* Consent Order for Stay Pending Appeal, ECF No. 40, at 2.  Accordingly, Kangaroo clearly had knowledge of the Preliminary Injunction Order, and the issue is not in dispute.  Based on the comments of Kangaroo's counsel, it is also undisputed that Mr. Ligeri was aware of the order.

## 3. Kangaroo and Mr. Ligeri Violated the Terms of the Preliminary Injunction Order by Advertising, Marketing, and Promoting the Infringing Banana Costumes and Selling the Infringing Banana with Sunglasses on Amazon

Kangaroo and Mr. Ligeri violated the Preliminary Injunction Order by continuing to advertise the Infringing Banana costumes, advertising the Infringing Banana with Sunglasses,

and selling the Infringing Banana with Sunglasses on Amazon, allegedly through third-party KBrands.  Rule 65 provides that a preliminary injunction is binding on the parties as well as the parties' officers, agents, servants, employees, and attorneys.  *See* Fed. R. Civ. P. 65(d)(2).  Justin Ligeri is the president of Kangaroo.  *See* ECF No. 21 at ¶ 1.  Ligeri is also affiliated with KBrands.  *See* Arena Decl. at Ex. A.  Accordingly, Justin Ligeri is prohibited from advertising, marketing, promoting, or selling the infringing banana costumes through either Kangaroo or KBrands under the terms of the Preliminary Injunction Order because he is an officer of Kangaroo.

First, Kangaroo is still advertising the Infringing Banana costumes on its website.  *See* Berman Decl. at Ex. D.  Second, Kangaroo is advertising the Infringing Banana with Sunglasses on its website.  *See id.* at Ex. B.  The Preliminary Injunction Order provides that Kangaroo and Ligeri are prohibited from advertising, marketing, or promoting Rasta Imposta's Banana Costume (and any substantially similar banana costume).  *See* Opinion, ECF No. 36, at 6.  The Infringing Banana with Sunglasses is the same banana costume as the two infringing costumes at issue in the preliminary injunction; it merely has sunglasses (and possibly yellow fabric) sewn over the face opening.  *See* Berman Decl. at Ex. C.

Third, Ligeri is selling the Infringing Banana with Sunglasses on Amazon through his company, KBrands.  *See id.* at Ex. A.  The Preliminary Injunction Order provides that Kangaroo and Ligeri are prohibited from selling, offering for sale, or distributing Plaintiff's Banana Design (and any substantially similar banana costume).  *See* Opinion, ECF No. 36, at 6; Rule 65(d)(2)(B).  Even if Ligeri were unaware that the Infringing Banana with Sunglasses is substantially similar to Rasta Imposta's Banana Design, it is irrelevant because willfulness is not a prerequisite for contempt.  *See Desai v. Doctor's Assocs. Inc.*, No. CIV. 08-3363 (WJM), 2008

11

WL 4661625, at *3 (D.N.J. Oct. 20, 2008). Moreover, the Preliminary Injunction Order clearly stated that Kangaroo and Ligeri were prohibited from manufacturing, advertising, or selling any substantially similar banana costume, yet Mr. Ligeri felt free to brazenly slap sunglasses on top of the infringing costumes, and secretly sell them on Amazon through another company he is affiliated with, while Rasta Imposta pays interest on the injunction bond that Rasta Imposta was required to post to enjoin his conduct. The KBrands banana costume available for purchase on Amazon even has a Kangaroo label sewn into the costume. *See* Berman. Decl. at Exhibit C. Mr. Ligeri was well aware that this conduct was prohibited, and he cannot feign ignorance about the specifics of the Preliminary Injunction Order. *See Desai*, No. CIV. 08-3363 (WJM), 2008 WL 4661625, at *3 ("This Court's order was not so vague or indefinite that a party is insulated from a finding of contempt due to uncertainty as to what was directed").

### C. Kangaroo Should Be Sanctioned and Held in Civil Contempt of the Preliminary Injunction Order

A district court has broad discretion in a civil contempt proceeding "to fashion a sanction that will achieve full remedial relief" for the aggrieved party. *John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit*, 318 F.3d 545, 554 (3d Cir. 2003). Sanctions for civil contempt serve two purposes: (1) to coerce the defendant to comply with the court's order; and (2) to compensate the aggrieved party for losses sustained by disobedience of the order. *See Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994). Therefore, a district court should issue compensatory awards to remedy past noncompliance and to make the aggrieved party whole again, including an award of reasonable attorney's fees and expenses in having to bring the motion for contempt and sanctions. *Id. See also Halderman v. Pennhurst State School & Hosp.*, 49 F.3d 939, 941 (3d Cir.1995) (finding the aggrieved party is entitled to be "made whole

for the losses it incurs as a result of the contemnors' violations, including reasonable attorneys' fees and expenses").

In this case, Kangaroo violated the Preliminary Injunction Order by advertising, marketing, and promoting the infringing costumes on its website. Justin Ligeri, the president of Kangaroo, also violated the Preliminary Injunction Order by selling the Infringing Banana with Sunglasses on Amazon through KBrands. In order to make Rasta Imposta whole, Rasta Imposta should be awarded the gross profits from all sales of the infringing banana costumes that Kangaroo, Justin Ligeri, or KBrands made from the date the Preliminary Injunction Order was entered on May 29, 2018, until present. Rasta Imposta should also be entitled to all attorney's fees and reasonable expenses it incurred in investigating Kangaroo's violation of the Preliminary Injunction Order, filing a letter to the Court to address the issue (ECF No. 47), and filing the instant Motion for Sanctions (including any future reply briefs or oral argument in connection with this motion).

Since the gross profits from all sales of the infringing banana costumes are unknown at the present time, Rasta Imposta respectfully requests that the Court enter the proposed order which provides 10 days for Kangaroo to submit a certification and an accounting of all sales of the infringing banana costumes sold by Kangaroo, Justin Ligeri, KBrands, or any entity acting in concert with Justin Ligeri or Kangaroo. The proposed order also provides 10 days for Rasta Imposta to submit a certification of all attorney's fees and expenses incurred in having to bring this Motion for Sanctions.

## CONCLUSION

For the foregoing reasons, Rasta Imposta respectfully requests that this Court grant its Emergent Motion for Sanctions and to Hold Defendant in Civil Contempt of the Preliminary Injunction Order. Rasta Imposta further requests that the Court enter its proposed order to ensure

13

that Kangaroo, Ligeri, and any entity acting in concert with Ligeri or Kangaroo will continue to be enjoined from manufacturing, selling, distributing, offering for sale, advertising, marketing and/or promoting any design confusingly or substantially similar to Rasta Imposta's Banana Design, specifically including the knock-off Items No. 10477 and 10478 identified in Rasta Imposta's Complaint, and the Infringing Banana with Sunglasses costume currently being sold on Amazon.

Respectfully submitted,

Dated: April 29, 2019

Alexis Arena, Esq.
Eric R. Clendening, Esq.
1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 661-1900
Fax: (856) 661-1919
alexis.arena@flastergreenberg.com
eric.clendening@flastergreenberg.com
*Attorneys for Plaintiffs*