UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SILVERTOP ASSOCIATES, INC. d/b/a RASTA IMPOSTA,<br><br>        Plaintiff,<br><br>   v.<br><br>KANGAROO MANUFACTURING, INC.,<br><br>        Defendant. | Civil No. 17-7919 (NLH/KMW)<br><br>**ORDER** |

**APPEARANCES**:

ALEXIS KATHRYN ARENA
ERIC ROBERT CLENDENING
FLASTER/GREENBERG PC
1810 CHAPEL AVENUE WEST
CHERRY HILL, NJ 08002

    *On behalf of Plaintiff Silvertop Associates, Inc. d/b/a Rasta Imposta.*

DAVID ALAN SCHRADER
PAYKIN KRIEG & ADAMS LLP
750 THIRD AVENUE, 9TH FLOOR
OFFICE 965
NEW YORK, NY 10017

    *On behalf of Defendant Kangaroo Manufacturing, Inc.*

**HILLMAN**, District Judge

    WHEREAS on April 23 and 24, 2019 the parties filed letters with the Court concerning an alleged violation of this Court's May 29, 2019 Opinion and Order (the "Preliminary Injunction Order"); and

    WHEREAS on April 24, 2019, this Court directed Plaintiff

Silvertop Associates, Inc., doing business as Rasta Imposta's ("Rasta Imposta") to file an appropriate motion if it wished to pursue relief for these alleged violations; and

WHEREAS presently before this Court is Plaintiff Rasta Imposta's April 29, 2019 Emergency Motion for Sanctions and to Hold Defendant in Civil Contempt for Violating the Preliminary Injunction Order (the "Motion"); and

WHEREAS Plaintiff argues in the Motion that Defendant Kangaroo Manufacturing, Inc. ("Kangaroo") has violated this Court's May 29, 2019 Opinion and Order (the "Preliminary Injunction Order") granting Plaintiff's Motion for a Preliminary Injunction, should be held in civil contempt, and sanctions should be imposed for this contempt; and

WHEREAS the parties agree that Defendant, or an entity controlled by Defendant or Defendant's principals, has been selling a banana costume with sewn-in sunglasses (the "Sunglasses Banana Costume" or "Item No. 10596") through an online retailer; and

WHEREAS Plaintiff argues that the Sunglasses Banana Costume infringes upon Plaintiff's copyrighted banana costume (the "Banana Costume") because it is a "derivative work," incorporating the original work, the Banana Costume, and merely adding sewin-in sunglasses; and

WHEREAS Plaintiff argues this Court previously prohibited

Defendant from "'manufacturing, ordering, offering for sale, advertising, marketing, promoting, selling, and distributing Plaintiff's Banana [Costume] (an any substantially similar banana costume),'" (ECF No. 36 at 6); and

WHEREAS Defendant argues the addition of sunglasses to Defendant's costumes that this Court found infringed upon Plaintiff's Banana Costume, Items No. 10477 and 10478, does not infringe upon Plaintiff's copyright and therefore there is no violation of any Court Order; and

WHEREAS Defendant filed a Notice of Interlocutory Appeal on June 7, 2018; and

WHEREAS oral argument was held before the Third Circuit Court of Appeals on April 3, 2019; and

WHEREAS on May 13, 2019 the Third Circuit remanded this matter to this Court "for the limited purpose of entering an amended order in compliance with Fed. R. Civ. P. 65(d)" and stayed the current appeal pending entry of the amended order; and

WHEREAS this Court heard argument on the Motion on May 15, 2019 and received into evidence Plaintiff's Exhibit P-A, a Sunglasses Banana Costume; and

WHEREAS this Court, in compliance with Federal Rule of Procedure 65(d) and in compliance with the directive of the Third Circuit, entered an Amended Preliminary Injunction Order

on this date; and

WHEREAS the Court finds it has jurisdiction over this action because it retains jurisdiction over the clarification, modification, and enforcement of its Orders, New Jersey Sports Prods. v. Don King Prods., 15 F. Supp. 2d 546, 550-51 (D.N.J. 1998) (holding a district court may clarify, modify, or enforce an injunction that is under appellate review); and

WHEREAS Plaintiff must prove by clear and convincing evidence the following three elements for the Court to find Defendant in civil contempt: "(1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order," John T. v. Del. Cty. Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003) (citing Harris v. City of Philadelphia, 47 F.3d 1311, 1326 (3d Cir. 1995); Robin Woods, Inc. v. Woods, 28 F.3d 396, 399 (3d Cir. 1994)); and

WHEREAS any "ambiguities must be resolved in favor of the party charged with contempt." Id. (citing Robin Woods, Inc., 28 F.3d at 399; Harris, 47 F.3d at 1326); and

WHEREAS this Court finds because the Preliminary Injunction Order did not meet the requirements of Federal Rule of Civil Procedure 65(d) for a preliminary injunction order a substantial question arose as to the full scope of the previously ordered injunction; and

WHEREAS, in light of this ambiguity in the Preliminary Injunction Order, the Court declines, in its discretion, to hold Defendant in civil contempt; but

WHEREAS the Amended Preliminary Injunction Order was entered today; and

WHEREAS this Court finds Defendant, or one of its affiliates, has sold the Sunglasses Banana Costume and, at the very least, continues to display on its website the Sunglasses Banana Costume, which is a "derivative work" of Plaintiff's copyrighted Banana Costume, see 17 U.S.C. § 101 (defining the term "derivative work"), Brownstein v. Lindsay, 742 F.3d 55, 68 (3d Cir. 2014) ("[U]nauthorized creation of a derivative work, which incorporates the original work, constitutes an infringement of the underlying work."); and

WHEREAS the Court finds future manufacture, sale, distribution, offering for sale, advertising, marketing, and/or promoting of the Sunglasses Banana Costume by Defendant or its affiliates would be a violation of this Court's Amended Preliminary Injunction and that no additional injunctions are necessary;

THEREFORE,

IT IS on this ___15th___ day of _____May_____, 2019,

**ORDERED** that Plaintiff's Emergency Motion for Sanctions and to Hold Defendant in Civil Contempt for Violating the

5

Preliminary Injunction Order [50] is hereby **DENIED**; and it is further

 **ORDERED** that, in light of the application made by Plaintiff and to eliminate any ambiguity and provide clarity, the Court hereby **GRANTS** the following relief:

- Defendant, and those bound by this Court's Amended Preliminary Injunction Order, are hereby **ORDERED** to **IMMEDIATELY** remove any public display of any kind within their care, custody, or control that is accessible within the United States and displays Item No. 10477, Item No. 10478, or Item No. 10596, the Sunglasses Banana Costume; and

- The Court hereby **ORDERS** its June 8, 2018 text order [41] staying this action and any discovery is hereby **SUSPENDED** solely for purposes of providing the relief ordered within this Order; and

- Defendant, and those bound by this Court's Amended Preliminary Injunction Order, are hereby **ORDERED** to submit to this Court and Plaintiff a certification and an accounting – including a copy of the report created by Amazon, Inc. of sales on its website – of all sales (including gross revenues and profits) of the Sunglasses Banana Costume by Defendant and those bound by this Court's Amended Preliminary Injunction Order within ten (10) days

6

of this Order; and

- Defendant, and those bound by this Court's Amended Preliminary Injunction Order, are hereby **ORDERED** to submit to this Court and Plaintiff a certification and an accounting of the amount of Sunglasses Banana Costumes within their care, custody, or control and where those Sunglasses Banana Costumes are located within ten (10) days of this Order; and

- Plaintiff may submit a certification to the Court of all attorney's fees and expenses incurred in bringing this motion within ten (10) days of this Order for the Court to take under advisement and decide in due course.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |