**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SILVERTOP ASSOCIATES, INC.,                No. 1:17-cv-07919-NLH-KMW

                Plaintiff,

        v.                                **OPINION**

KANGAROO MANUFACTURING, INC.,

                Defendant.

**APPEARANCES:**

JORDAN A. LAVINE
FLASTER/GREENBERG P.C.
1835 MARKET STREET
SUITE 1050
PHILADELPHIA, PA 19103

ERIC ROBERT CLENDENING
FLASTER/GREENBERG PC
1810 CHAPEL AVENUE WEST
CHERRY HILL, NJ 08002

    *On behalf of Plaintiff Silvertop Associates, Inc.*

DAVID ALAN SCHRADER
PAYKIN KRIEG & ADAMS LLP
750 THIRD AVENUE, 9th FLOOR
OFFICE 965
NEW YORK, NY 10017

    *On behalf of Defendant Kangaroo Manufacturing, Inc.*

**HILLMAN**, District Judge

    This case comes before the Court on the motion of Plaintiff

Silvertop Associates, Inc. to voluntarily dismiss this case

without prejudice and return the security bond previously issued

by Plaintiff in connection with an earlier preliminary injunction order.  Defendant Kangaroo Manufacturing, Inc. does not oppose dismissal of this action nor return of the security bond, but argues that dismissal must be with prejudice.  The reasons outlined below, Plaintiff's motion will be granted, this case will be dismissed without prejudice, and the Clerk of Court will be directed to return the security bond amount to Plaintiff.

<u>**BACKGROUND**</u>

On October 5, 2017, Plaintiff filed a complaint against Defendant for copyright infringement, trade dress infringement, false advertising and unfair competition related to a "distinctive banana costume" designed and manufactured by Plaintiff, which it believed Defendant had copied.  (ECF No. 1). Shortly thereafter, Plaintiff filed a motion for a preliminary injunction, seeking an order enjoining Defendant from infringing Plaintiff's copyright on the banana costume design.  (ECF No. 10).

On May 29, 2018, this Court issued an Opinion and Order granting Plaintiff's motion and enjoining Defendant.  (ECF No. 36 and 37).  On June 5, 2018, Plaintiff posted a $100,000 security bond to maintain the injunction pursuant to Federal Rule of Civil Procedure 65(c).  (ECF No. 43).  After Defendant appealed the order, this Court issued an Amended Preliminary

Injunction Order on May 15, 2019 pursuant to the directive of the Third Circuit.  (ECF No. 60).

At some point after this order, Defendants filed for bankruptcy, and this action was stayed and administratively terminated. (ECF No. 94 and 105).  Then, on December 28, 2020, the United States Bankruptcy Court for the District of Arizona entered an Order for Relief from the Automatic Stay in the bankruptcy proceeding to allow Plaintiff "to seek termination and return of the Security Bond in the action pending in the United States District Court for the District of New Jersey . . ."  (ECF No. 108-3).  Plaintiff then filed the present motion, seeking the dissolution and return of the security bond and dismissal of this action without prejudice, on February 12, 2021.  (ECF No. 108).  Defendant filed a letter responding to the motion, stating that it did not object to dismissal of the action nor return of the security bond, but believed dismissal should be with prejudice instead.

## DISCUSSION

As explained above, Plaintiff seeks to voluntarily dismiss this action and for this Court to enter an Order directing the return of its security bond; Defendant opposes neither of these requests.  The only true dispute at this stage is whether this action is dismissed without prejudice as stated in Plaintiff's moving papers, or with prejudice as demanded by Defendant.

3

Although Plaintiff's motion does not cite to a specific rule, voluntary dismissal of actions in federal court are governed by Federal Rule of Civil Procedure 41.  Plaintiff is seeking a Court order granting dismissal, as Defendant apparently declined to sign a joint stipulation of dismissal and had already filed an answer to Plaintiff's Amended Complaint, ruling out Plaintiff's ability to dismiss the action on its own under Rule 41(a)(1).  Motions seeking to voluntarily dismiss an action through court order are specifically governed by Rule 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper ... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

"When a plaintiff moves for a dismissal without prejudice under Rule 41(a)(2), the decision to dismiss with prejudice or without is left to the discretion of the court."  Emmanouil v. Mita Management, LLC, No. 11-5575 (MAS)(TJB), 2015 WL 5023049, at *2 (D.N.J. Aug. 24, 2015) (quoting Mobil Oil Corp. v. Advanced Envtl. Recycling Techs., Inc., 203 F.R.D. 156, 157 (D.Del. 2001)).  Rule 41(a)(2) provides as a default that "{u]nless the order states otherwise, a dismissal under this paragraph [] is without prejudice," and courts in this district have long held that "[w]ithout substantial prejudice to the defendant, a motion for voluntary dismissal under Rule 41

4

generally should not be denied." Id (citing Sporn v. Ocean Colony Condo. Ass'n, 173 F. Supp. 2d 244, 255 (D.N.J.2001)).

In assessing whether such a dismissal is likely to result in prejudice to the defendant, courts have considered factors such as "(1) the expense of a potential second litigation; (2) the effort and expense incurred by defendant in preparation for trial in the present case; (3) the extent to which the case has progressed; and (4) plaintiff's diligence in bringing the motion to voluntarily dismiss." Shamrock Creek, LLC v. Borough of Paramus, No. 12-2716, 2015 WL 3902307, at *2 (D.N.J. June 23, 2015) (citing Sporn, 173 F. Supp. 2d at 255). Generally, however, "Rule 41 motions should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990) (internal quotation marks omitted).

Here, the Court finds that there is not a likelihood of substantial prejudice to Defendant. Defendant itself has not actually put forth any direct argument that it would be prejudiced by a dismissal without prejudice. Instead, in the one paragraph in its response letter that argues for dismissal with prejudice, Defendant appears to contend that dismissal must be with prejudice simply because Plaintiff will not be able to successfully pursue their claims elsewhere at a later date regardless. According to Defendant, "any claims relating to

this matter will be resolved in the context of the bankruptcy proceeding," and "[a]ny substantive claim asserted in this matter involving past conduct will be res judicata or otherwise addressed in the context of the resolution of the bankruptcy claim.  Any theoretical future claim which might exist would be a discrete claim that would be asserted in a new action – not requiring the 'resurrection' of the claims in this case." (ECF No. 109 at 1).

However, these arguments do not demonstrate prejudice would flow from Plaintiff's proposed order; in fact, Defendant's arguments instead appear to demonstrate that a dismissal of this action without prejudice will not run a likelihood of substantial prejudice to Defendant in the future, because the underlying claims here will already be resolved.  If Defendant is correct, it is at very little risk of sustaining extensive costs in some secondary litigation based on the same claims. This factor therefore weighs in favor of dismissal without prejudice.

The Court finds that the remaining factors support granting Plaintiff's motion for dismissal without prejudice as well. While discovery appears to have been underway at some point in this action, no motions for summary judgment have ever been filed, and the action has been stayed and administratively terminated since June 23, 2020.  (ECF No. 94).  Further,

Plaintiff has not unreasonably delayed in seeking this dismissal.  The United States Bankruptcy Court for the District of Arizona granted Plaintiff's Motion for an Order for Relief from the Automatic Stay in the connected bankruptcy proceeding "to seek termination and return of the Security Bond in the action pending in the United States District Court for the District of New Jersey" on December 28, 2020.  (ECF No. 108-3). Plaintiff then filed a letter inquiring about dismissal of the case and return of the bond on January 29, 2021, and filed the present motion on February 12, 2021.  (ECF No. 107 and 108). Accordingly, Plaintiff diligently pursued dismissal of this case once permitted to do so by the bankruptcy court.

For these reasons, the Court will grant Plaintiff's motion for voluntary dismissal of the action without prejudice.  As Defendant notes, Plaintiff's motion to dismiss this action and for return of the bond, which was issued as a condition of the preliminary injunction pursuant to Federal Rule of Civil Procedure 65(c), necessarily must also serve as a request for the Court to vacate that injunction.  As Defendant does not oppose that request, Plaintiff's motion will be granted, the preliminary injunction will be vacated, and the Clerk will be directed to return to bond to Plaintiff.

**CONCLUSION**

For the reasons expressed above, Plaintiff's motion for voluntary dismissal and return of the security bond (ECF No. 108) will be granted.  This case will be dismissed without prejudice, the Court's Amended Preliminary Injunction Order will be vacated, and the Clerk will be directed to return the bond to Plaintiff.

An appropriate Order will be entered.


Date: __March 24, 2021__            ___/s Noel L. Hillman___
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

8